# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| HILARIO RAZURA JIMENEZ, JOSE MANUEL GUERRERO GOMEZ, J. REFUGIO CASTELLON LUNA, GUILLERMO BERNAL ORTEGA, RIGOBERTO TORRES GUERRERO, DIEGO FLORES CICERNOS, RUBEN MADERA CANALES, LUIS A ALBERTO MEDINA AYON, ALVARO MORALES VILLEGAS, MELCHOR JAVIER CASTANEDA GALLARDO, JOSE CASIMIRO BENAVIDES FRIAS, EDGARDO IBARRA RUIZ, HUGO IGNACIO IBARRA RUIZ, MIGUEL ANGEL GOMEZ NUNO, OSCAR RODRIGUEZ GOMEZ, and TEODULO HUIZAR MADERA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:11-0276  Jury Demand |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VANDERBILT LANDSCAPING, LLC, LARRY VANDERBILT SR., JOFFREY VANDERBILT, ONESOURCE LANDSCAPE AND GOLF SERVICES, INC., ABM SERVICES INC., and ABM INDUSTRIES, INCORPORATED, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Vanderbilt Landscaping, LLC, Larry Vanderbilt, Sr., and Joffrey Vanderbilt ("Defendants"), file this Answer the First Amended Complaint of Plaintiffs Hilario Razura Jimenez, Jose Manuel Guerrero Gomez, J. Refugio Castellon Luna, Guillermo Bernal Ortega, Rigoberto Torres Guerrero, Diego Flores Cicernos, Ruben Madera Canales, Luis A Alberto Medina Ayon, Alvaro Morales Villegas, Melchor Javier Castaneda Gallardo, Jose Casimiro Benavides Frias, Edgardo Ibarra Ruiz, Hugo Ignacio Ibarra Ruiz, Miguel Angel Gomez Nuno,

Oscar Rodriguez Gomez, and Teodulo Huizar Madera (collectively "Plaintiffs") and state as follows. No defense in this Answer shall be deemed an Affirmative Defense unless failure to assert it would be deemed a waiver of the defense on the part of the Defendants.

1. Defendants admit that Plaintiffs were temporary H-2B guestworkers from Mexico. Defendants deny the remaining allegations set forth in Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendant Vanderbilt Landscaping, LLC admits that it hired H2-B guestworkers from Mexico in the year 2010. Defendant Vanderbilt Landscaping, LLC further admits that it received monies from the federal government related to the stimulus program. Defendants deny the remaining allegations set forth in Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of Plaintiffs' First Amended Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Paragraph 8 of Plaintiff's First Amended Complaint does not require a responsive pleading. To the extent Paragraph 8 of Plaintiffs' First Amended Complaint requires a responsive pleading all allegations are denied by Defendants.

9. Paragraph 9 of Plaintiff's First Amended Complaint does not require a responsive pleading and is not directed at Defendants Vanderbilt Landscaping, LLC, Larry Vanderbilt, Sr., or Joffrey Vanderbilt. To the extent Paragraph 9 of Plaintiffs' First Amended Complaint requires a responsive pleading all allegations are denied by Defendants.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' First Amended Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' First Amended Complaint.

13. Defendants admit that Hilario Razura Jimenez, Jose Manuel Guerrero Gomez, and J. Refugio Castellon Luna ("2010 Plaintiffs") were employed by Defendants. Upon the information and belief, the 2010 Plaintiffs were Hispanic Mexican Nationals who were H2B guestworkers from Mexico. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of Plaintiffs' First Amended Complaint.

14. Defendants admit the allegations set forth in Paragraph 14 of Plaintiffs' First Amended Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Answering Paragraph 16 of the Amended Complaint, Defendants admit that the 2010 Plaintiffs were migrant workers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of

Plaintiffs' First Amended Complaint with respect to the 2009 Plaintiffs, because such persons were never employed by Defendants.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiffs' First Amended Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiffs' First Amended Complaint.

19.    Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.    Defendants admit the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.    Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.    Answering Paragraph 22 of the Amended Complaint, Defendants admit that Defendant Vanderbilt Landscaping, LLC received a $900,000 loan guarantee from the USDA. Defendants deny the remaining allegations set forth in Paragraph 22 of Plaintiffs' First Amended Complaint and any attempt to construe the American Recovery and Reinvestment Act.

23.    Defendants deny the allegations set forth in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.    Defendants admit the allegations set forth in Paragraph 24 of Plaintiffs' First Amended Complaint.

25.    Defendants admit the allegations set forth in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendants admit the allegations set forth in Paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Defendants admit the allegations set forth in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Defendants admit the allegations set forth in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Paragraph 29 of Plaintiffs' First Amended Complaint does not require a responsive pleading.   To the extent Paragraph 29 of Plaintiffs' First Amended Complaint requires a responsive pleading, all allegations are denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.     Paragraph 34 of Plaintiffs' First Amended Complaint does not require a responsive pleading.   To the extent Paragraph 34 of Plaintiffs' First Amended Complaint requires a responsive pleading, all allegations are denied.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiffs' First Amended Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' First Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiffs' First Amended Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' First Amended Complaint.

40.     Paragraph 40 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

41.     Paragraph 41 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

42.     Paragraph 42 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

43.     Paragraph 43 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

44.     Paragraph 44 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

45.     Paragraph 45 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

46.     Paragraph 46 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

47.     Paragraph 47 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

48.     Paragraph 48 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

49.     Paragraph 49 of the Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the Immigration and Nationality Act or any other statute or regulation.

50.     Defendants admit that the allegations set forth in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of Plaintiffs' First Amended Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of Plaintiffs' First Amended Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of Plaintiffs' First Amended Complaint.

65.    Defendants deny the allegations set forth in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.    Defendants deny the allegations set forth in Paragraph 66 of Plaintiffs' First Amended Complaint.

67.    Defendants deny the allegations set forth in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.    Defendants deny the allegations set forth in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.    Defendants deny the allegations set forth in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.    Defendants deny the allegations set forth in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.    Defendants deny the allegations set forth in Paragraph 71 of Plaintiffs' First Amended Complaint.

72.    Defendants deny the allegations set forth in Paragraph 72 of Plaintiffs' First Amended Complaint.

73.    Defendants deny the allegations set forth in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.    Defendants deny the allegations set forth in Paragraph 74 of Plaintiffs' First Amended Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of Plaintiffs' First Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of Plaintiffs' First Amended Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of Plaintiffs' First Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of Plaintiffs' First Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of Plaintiffs' First Amended Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of Plaintiffs' First Amended Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of Plaintiffs' First Amended Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of Plaintiffs' First Amended Complaint.

83.     Defendants admit that Larry Vanderbilt Jr. drove Plaintiff Guerrero Gomez to a bus station at his request.  Defendants deny the remaining allegations set forth in Paragraph 83 of Plaintiffs' First Amended Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of Plaintiffs' First Amended Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of Plaintiffs' First Amended Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of Plaintiffs' First Amended Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of Plaintiffs' First Amended Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of Plaintiffs' First Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of Plaintiffs' First Amended Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of Plaintiffs' First Amended Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of Plaintiffs' First Amended Complaint.

93.     Paragraph 93 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required. Defendants deny any attempt by Plaintiffs to construe the FLSA or any other statute or regulation.

94.     Paragraph 94 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required. Defendants deny any attempt by Plaintiffs to construe 29 U.S. C. § 203(g) or any other statute or regulation.

95.     Paragraph 95 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required. Defendants deny any attempt by Plaintiffs to construe 29 U.S. C. § 203(e) or any other statute or regulation.

96. Paragraph 96 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required. Defendants deny any attempt by Plaintiffs to construe 29 U.S.C. § 203(d) or any other statute or regulation.

97. Defendants deny the allegations set forth in Paragraph 97 of Plaintiffs' First Amended Complaint.

98. Defendants deny the allegations set forth in Paragraph 98 of Plaintiffs' First Amended Complaint.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of Plaintiffs' First Amended Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of Plaintiffs' First Amended Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of Plaintiffs' First Amended Complaint.

102. Defendants deny the allegations set forth in Paragraph 102 of Plaintiffs' First Amended Complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of Plaintiffs' First Amended Complaint.

104. Defendants deny the allegations set forth in Paragraph 104 of Plaintiffs' First Amended Complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of Plaintiffs' First Amended Complaint.

106. Defendants deny the allegations set forth in Paragraph 106 of Plaintiffs' First Amended Complaint.

107.     Defendants deny the allegations set forth in Paragraph 107 of Plaintiffs' First Amended Complaint.

108.     Defendants deny the allegations set forth in Paragraph 108 of Plaintiffs' First Amended Complaint.

109.     Defendants deny the allegations set forth in Paragraph 109 of Plaintiffs' First Amended Complaint.

110.     Defendants deny the allegations set forth in Paragraph 110 of Plaintiffs' First Amended Complaint.

111.     Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of Plaintiffs' First Amended Complaint.  Paragraph 111 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 111 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

112.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 112 of Plaintiffs' First Amended Complaint.  Paragraph 112 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 112 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

113.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 113 of Plaintiffs' First Amended Complaint.  Paragraph 113 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 113

of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

114.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 114 of Plaintiffs' First Amended Complaint.  Paragraph 114 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 114 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

115.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 115 of Plaintiffs' First Amended Complaint.  Paragraph 115 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 115 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

116.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 116 of Plaintiffs' First Amended Complaint.  Paragraph 116 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 116 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

117.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 117 of Plaintiffs' First Amended Complaint.  Paragraph 117 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 117 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

118.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 118 of Plaintiffs' First Amended Complaint.  Paragraph 118 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 118 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

119.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 119 of Plaintiffs' First Amended Complaint.  Paragraph 119 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 119 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

120.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of Plaintiffs' First Amended Complaint.  Paragraph 120 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 120 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

121.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of Plaintiffs' First Amended Complaint.  Paragraph 121 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 121 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

122.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of Plaintiffs' First Amended Complaint.  Paragraph 122 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 122 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

123.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of Plaintiffs' First Amended Complaint.  Paragraph 123 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 123 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

124.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of Plaintiffs' First Amended Complaint.  Paragraph 124 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 124 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

125.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of Plaintiffs' First Amended Complaint.  Paragraph 125 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 125 of Plaintiffs'

First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

126.     Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of Plaintiffs' First Amended Complaint.  Paragraph 126 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 126 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

127.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 127 of Plaintiffs' First Amended Complaint.  Paragraph 127 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 127 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

128.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 128 of Plaintiffs' First Amended Complaint.  Paragraph 128 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 128 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

129.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 129 of Plaintiffs' First Amended Complaint.  Paragraph 129 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 129 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

130.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 130 of Plaintiffs' First Amended Complaint.  Paragraph 130 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 130 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

131.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 131 of Plaintiffs' First Amended Complaint.  Paragraph 131 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 131 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

132.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of Plaintiffs' First Amended Complaint.  Paragraph 132 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 132 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

133.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of Plaintiffs' First Amended Complaint.  Paragraph 133 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 133 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

134. Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of Plaintiffs' First Amended Complaint. Paragraph 134 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants. To the extent Paragraph 134 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

135. Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of Plaintiffs' First Amended Complaint. Paragraph 135 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants. To the extent Paragraph 135 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

136. Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of Plaintiffs' First Amended Complaint. Paragraph 136 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants. To the extent Paragraph 136 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

137. Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of Plaintiffs' First Amended Complaint. Paragraph 137 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants. To the extent Paragraph 137 of Plaintiffs'

First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

138.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of Plaintiffs' First Amended Complaint.  Paragraph 138 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 138 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

139.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 139 of Plaintiffs' First Amended Complaint.  Paragraph 139 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 139 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

140.    Defendant Larry Vanderbilt Sr. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of Plaintiffs' First Amended Complaint.  Paragraph 140 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 140 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

141.    Paragraph 141 of Plaintiffs' First Amended Complaint does not require a responsive pleading.  To the extent a responsive pleading is required, Defendants deny such allegations.

142.    Paragraph 142 of Plaintiffs' First Amended Complaint makes a legal conclusion for which no response is required.  Defendants deny any attempt by Plaintiffs to construe 18 U.S.C. § 1595.

143.    Defendants deny the allegations set forth in Paragraph 143 of Plaintiffs' First Amended Complaint.

144.    Defendants deny the allegations set forth in Paragraph 144 of Plaintiffs' First Amended Complaint.

145.    Defendants deny the allegations set forth in Paragraph 145 of Plaintiffs' First Amended Complaint.

146.    Defendants deny the allegations set forth in Paragraph 146 of Plaintiffs' First Amended Complaint.

147.    Defendants deny the allegations set forth in Paragraph 147 of Plaintiffs' First Amended Complaint.

148.    Defendants deny the allegations set forth in Paragraph 148 of Plaintiffs' First Amended Complaint.

149.    Defendants deny the allegations set forth in Paragraph 149 of Plaintiffs' First Amended Complaint.

150.    Defendants deny the allegations set forth in Paragraph 150 of Plaintiffs' First Amended Complaint.

151.    Defendants deny the allegations set forth in Paragraph 151 of Plaintiffs' First Amended Complaint.

152.    Defendants deny the allegations set forth in Paragraph 152 of Plaintiffs' First Amended Complaint.

153.     Paragraph 153 of Plaintiffs' First Amended Complaint does not require a responsive pleading.  To the extent a responsive pleading is required, Defendants deny such allegations.

154.     Paragraph 154 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to construe the 13th Amendment.

155.     Defendants deny the allegations set forth in Paragraph 155 of Plaintiffs' First Amended Complaint.

156.     Defendants deny the allegations set forth in Paragraph 156 of Plaintiffs' First Amended Complaint.

157.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 157 of Plaintiffs' First Amended Complaint.  Paragraph 157 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 157 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

158.     Defendants deny the allegations set forth in Paragraph 158 of Plaintiffs' First Amended Complaint.

159.     Paragraph 159 of Plaintiffs' First Amended Complaint does not require a responsive pleading.  To the extent a responsive pleading is required, Defendants state that Exhibit 1 speaks for itself.

160.     Defendants deny the allegations set forth in Paragraph 160 of Plaintiffs' First Amended Complaint.

161. Defendants deny the allegations set forth in Paragraph 161 of Plaintiffs' First Amended Complaint.

162. Defendants deny the allegations set forth in Paragraph 162 of Plaintiffs' First Amended Complaint.

163. Defendants deny the allegations set forth in Paragraph 163 of Plaintiffs' First Amended Complaint.

164. Defendants deny the allegations set forth in Paragraph 164 of Plaintiffs' First Amended Complaint.

165. Defendants deny the allegations set forth in Paragraph 165 of Plaintiffs' First Amended Complaint.

166. Defendants deny the allegations set forth in Paragraph 166 of Plaintiffs' First Amended Complaint.

167. Defendants deny the allegations set forth in Paragraph 167 of Plaintiffs' First Amended Complaint.

168. Defendants deny the allegations set forth in Paragraph 168 of Plaintiffs' First Amended Complaint.

169. Defendants deny the allegations set forth in Paragraph 169 of Plaintiffs' First Amended Complaint.

170. Defendants deny the allegations set forth in Paragraph 170 of Plaintiffs' First Amended Complaint.

171. Defendants deny the allegations set forth in Paragraph 171 of Plaintiffs' First Amended Complaint.

172.     Defendants deny the allegations set forth in Paragraph 172 of Plaintiffs' First Amended Complaint.

173.     Defendants deny the allegations set forth in Paragraph 173 of Plaintiffs' First Amended Complaint.

174.     Defendants deny the allegations set forth in Paragraph 174 of Plaintiffs' First Amended Complaint.

175.     Defendants deny the allegations set forth in Paragraph 175 of Plaintiffs' First Amended Complaint.

176.     Defendants deny the allegations set forth in Paragraph 176 of Plaintiffs' First Amended Complaint.

177.     Paragraph 177 of Plaintiffs' First Amended Complaint contains a legal conclusion to which no response is required.  Defendants deny any attempt by Plaintiffs to characterize 42 U.S.C. § 1981.

178.     Paragraph 178 of Plaintiffs' First Amended Complaint contains a legal conclusion for which no response is required.  Defendants deny any attempt by Plaintiffs to characterize 42 U.S.C. § 1981.

179.     Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 179 of Plaintiffs' First Amended Complaint.  Paragraph 179 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 179 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

180.     Defendants deny the allegations set forth in Paragraph 180 of Plaintiffs' First Amended Complaint.

181.    Defendants deny the allegations set forth in Paragraph 181 of Plaintiffs' First Amended Complaint.

182.    Defendant Larry Vanderbilt Sr. denies the allegations set forth in Paragraph 182 of Plaintiffs' First Amended Complaint.  Paragraph 182 of Plaintiffs' First Amended Complaint does not set forth any allegations against the remaining Defendants.  To the extent Paragraph 182 of Plaintiffs' First Amended Complaint does assert allegations against the remaining Defendants, those allegations are denied.

183.    Defendants deny the allegations set forth in Paragraph 183 of Plaintiffs' First Amended Complaint.

184.    Defendants deny the allegations set forth in Paragraph 184 of Plaintiffs' First Amended Complaint.

185.    Defendants deny the allegations set forth in Paragraph 185 of Plaintiffs' First Amended Complaint.

186.    Defendants deny the allegations set forth in Paragraph 186 of Plaintiffs' First Amended Complaint.

187.    Defendants deny the allegations set forth in Paragraph 187 of Plaintiffs' First Amended Complaint.

188.    Defendants deny the allegations set forth in Paragraph 188 of Plaintiffs' First Amended Complaint.

189.    Answering Paragraph 189 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiffs' seek the requested relief, but deny the existence of facts or circumstances justifying such relief.

190.    Defendants deny the allegations set forth in Paragraph 190 of Plaintiffs' First Amended Complaint.

191.    Defendants deny the allegations set forth in Paragraph 191 of Plaintiffs' First Amended Complaint.

192.    Defendants deny the allegations set forth in Paragraph 192 of Plaintiffs' First Amended Complaint.

193.    Answering Paragraph 193 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiffs' seek the requested relief, but deny the existence of facts or circumstances justifying such relief.

194.    Defendants admit the allegations set forth in Paragraph 194 of Plaintiffs' First Amended Complaint.

195.    Defendants deny the allegations set forth in Paragraph 195 of Plaintiffs' First Amended Complaint.

196.    Defendants deny the allegations set forth in Paragraph 196 of Plaintiffs' First Amended Complaint.

197.    Defendants deny the allegations set forth in Paragraph 197 of Plaintiffs' First Amended Complaint.

198.    Answering Paragraph 198 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiffs' seek the requested relief, but deny the existence of facts or circumstances justifying such relief.

199.    Defendants deny the allegations set forth in Paragraph 199 of Plaintiffs' First Amended Complaint.

200.	Defendants deny the allegations set forth in Paragraph 200 of Plaintiffs' First Amended Complaint.

201.	Defendants deny the allegations set forth in Paragraph 201 of Plaintiffs' First Amended Complaint.

202.	Defendants deny the allegations set forth in Paragraph 202 of Plaintiffs' First Amended Complaint.

203.	Defendants deny the allegations set forth in Paragraph 203 of Plaintiffs' First Amended Complaint.

204.	Defendants deny the allegations set forth in Paragraph 204 of Plaintiffs' First Amended Complaint.

205.	Answering Paragraph 205 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiffs' seek the requested relief, but deny the existence of facts or circumstances justifying such relief.

206.	Defendants deny the allegations set forth in Paragraph 206 of Plaintiffs' First Amended Complaint.

207.	Defendants deny the allegations set forth in Paragraph 207 of Plaintiffs' First Amended Complaint.

208.	Defendants deny the allegations set forth in Paragraph 208 of Plaintiffs' First Amended Complaint.

209.	Defendants deny the allegations set forth in Paragraph 209 of Plaintiffs' First Amended Complaint.

210.	Defendants deny the allegations set forth in Paragraph 210 of Plaintiffs' First Amended Complaint.

211.    Defendants deny the allegations set forth in Paragraph 211 of Plaintiffs' First Amended Complaint.

212.    Defendants deny the allegations set forth in Paragraph 212 of Plaintiffs' First Amended Complaint.

213.    Defendants deny the allegations set forth in Paragraph 213 of Plaintiffs' First Amended Complaint.

214.    Defendants deny the allegations set forth in Paragraph 214 of Plaintiffs' First Amended Complaint.

215.    Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs voluntarily terminated their own employments with Vanderbilt Landscaping.

2.    To the extent that Plaintiffs suffered any legally cognizable damages as a result of the allegations set forth in their First Amended Complaint, any recovery should be reduced to the extent Plaintiffs have failed to mitigate, minimize, or avoid those damages.

3.    To the extent that Plaintiffs suffered any legally cognizable damages as a result of the allegations set forth in their First Amended Complaint, any recovery should be reduced to the extent Plaintiffs caused or contributed to the cause of such alleged injuries or damages.

4.    Plaintiffs' own actions or inactions exceed fifty-one per cent (51%) of the cause of any damages Plaintiffs have allegedly suffered, and therefore, Plaintiffs are not entitled to any recovery.

5.    Defendants are not liable for the actions of the remaining defendants in this action.

6.      All personnel actions about which Plaintiffs complain were taken solely for legitimate, non-discriminatory business reasons and were in no way motivated by or based on unlawful retaliatory animus.

7.      Plaintiffs did not engage in any protected activity.

8.      To the extent Plaintiffs were engaged in protected activity, such activity was unknown and unforeseeable to Defendants, and such protected activity had no bearing on the decisions made by Defendants.

9.      Some or all of Plaintiffs' claims are barred in whole or in part by the exemptions, exclusions, exceptions, and/or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

10.     Some or all of Plaintiffs' claim are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions by Defendants or others giving rise to this action were taken in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

11.     Some or all of Plaintiffs' claim are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to his or her principal activities.

12.     Some or all of Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or unclean hands.

13.     Defendants acted at all times with good faith to comply with the FLSA and had reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense.

14. Some or all of Plaintiffs' claims are moot, in part, because of investigations by various governmental entities that discovered that many, if not all, of Plaintiffs' claims were false and baseless.

15. Plaintiffs' claims based upon fraud and/or misrepresentation are barred, because Plaintiffs' First Amended Complaint fails to state with particularity the circumstances constituting the alleged fraud or misrepresentation required by Fed. R. Civ. P. 9(b).

16. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

17. Some or all of Plaintiffs' claims are barred by preemption based upon exclusive remedies under federal law.

18. To the extent that Plaintiffs are found to have been employed pursuant to a contract, Plaintiffs committed the first material breach of any such contract.

19. Defendants did not breach any term of any contract entered into with Plaintiffs.

20. Plaintiffs' claims are barred by the statute of frauds.

21. Plaintiffs took no actions that could be considered those of a whistleblower, and as a result, Plaintiffs are not entitled to the protections afforded to whistleblowers.

22. Defendants did not engage in, participate in, or act in furtherance of any a conspiracy to deprive any person or persons, including Plaintiffs, of the equal protection of the laws, or of equal privileges and immunities under the law.

23. To the extent that Plaintiffs seek punitive damages based upon federal law, Plaintiffs are barred from recovering such damages because Defendants have not engaged in any unlawful practice, act, or omission, let alone with malice or reckless indifference to Plaintiffs' federally protected rights.

24.     To the extent that Plaintiffs seek punitive damages based upon Tennessee law, those claims are barred and no recovery by Plaintiffs should occur, because Defendants have not acted intentionally, fraudulently, maliciously, or recklessly as required.

25.     Defendants have not provided or obtained the labor from Plaintiffs through use of means of force, threats of force, physical restraint, or threats of physical restraint to that Plaintiffs or persons, serious harm or threats of such harm to such persons, or abuse or threatened abuse of the law or legal process.

26.     Plaintiffs have failed to exhaust the administrative remedies available to them.

27.     Defendants have made no misrepresentations to Plaintiffs, and as a result, Plaintiffs cannot be said to have relied upon any misrepresentations.

28.     Plaintiff Gomez has failed to allege a serious mental injury, and as result, his claims for outrageous conduct must be dismissed.

29.     Defendants reserve the right to assert additional affirmative defenses as this matter continues and the discovery process reveals such defenses.

## COUNTERCLAIM

### Parties & Jurisdiction

1. Counter-Plaintiff Vanderbilt Landscaping, LLC ("Vanderbilt Landscaping") is a Tennessee limited liability company with its principal place of business located in Mason, Tennessee.

2. Counter-Plaintiff Larry Vanderbilt, Senior ("Mr. Vanderbilt, Sr.") is a life-long Tennessee citizen resident that is the Chief Executive Officer for Vanderbilt Landscaping.

3.  Counter-Plaintiff Joffrey Vanderbilt ("Mr. Vanderbilt") is a life-long Tennessee citizen resident that is the Chief Financial Officer for Vanderbilt Landscaping (all three Counter-Plaintiffs are collectively referred to as "Counter-Plaintiffs").

4.  Counter-Defendants Hilario Razura Jimenez ("Jimenez"), Jose Manuel Guerrero Gomez ("Gomez"), and J. Refugio Castellon Luna ("Luna") (collectively "the Counter-Defendants") are citizens of Mexico, who worked for Vanderbilt Landscaping for varying lengths of time during the year 2010 via H-2B visas.

5.  Counter-Defendants agree that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  In addition, this Court has supplemental jurisdiction over the causes of action stated herein based upon Tennessee state law pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same nucleus of facts which support Plaintiffs/Counter-Defendants' claims against Defendants/Counter-Plaintiffs.

## ALLEGATIONS

6.  Vanderbilt Landscaping is a locally-owned, minority business enterprise that has been in existence since 2009, performing a variety of services in Tennessee, including landscaping, mowing, debris and trash removal, for a number of entities, including governmental entities.

7.  Since it began performing work under the contracts awarded to it by the Tennessee Department of Transportation in 2010, Vanderbilt Landscaping has been forced to rely upon the assistance of migrant workers via the H-2B visa program for its business.

8.  None of the migrant workers employed by Vanderbilt Landscaping through the H-2B visa program, with the exception of the Counter-Defendants, have ever made complaints against Vanderbilt Landscaping.

9. In the Spring of 2010, Counter-Defendant Hilario Jimenez was offered employment with Vanderbilt Landscaping, along with several other migrant workers.

10. Unlike all other migrant workers that decided to work with Vanderbilt Landscaping in the Spring of 2010, Jimenez did not report for work with Vanderbilt Landscaping in April of 2010.

11. Approximately two weeks later, Jimenez contacted Vanderbilt Landscaping to request that he be hired and brought to Tennessee to perform work for Vanderbilt Landscaping.

12. Vanderbilt Landscaping agreed to hire Jimenez and wired him $500.00 to pay for his travel to Tennessee.

13. In the Spring of 2010, Counter-Defendant Jose Gomez was offered employment with Vanderbilt Landscaping, along with several other H2B workers.

14. Gomez began working with Vanderbilt Landscaping in April of 2010.

15. In the Spring of 2010, Counter-Defendant Refugio Luna was offered employment with Vanderbilt Landscaping, along with several other H2B workers.

16. Luna began working with Vanderbilt Landscaping in April of 2010.

17. Vanderbilt Landscaping provided the Counter-Defendants with the option to utilize housing it owned while they were employed by the Company.

18. Counter-Defendants were free to live anywhere they liked and did not have to live on the Vanderbilt property if they did not wish to.

19. At the Mason, Tennessee property, there were several trailers and one house set aside for the housing of the H2B workers, including the Counter-Defendants.

20. Upon arrival, the Counter-Defendants, along with other workers, requested that Vanderbilt Landscaping store their passports in a safe so they would not lose them, to which Vanderbilt Landscaping agreed.

21. The Counter-Defendants did not file or lodge any complaints about or with Vanderbilt Landscaping during their employment with Vanderbilt Landscaping.

22. Jimenez began working with Vanderbilt Landscaping in late April/early May of 2010.

23. In July of 2010, Vanderbilt Landscaping reprimanded Jimenez due to his failure to keep his tractor and mowing equipment off the interstate, thereby creating a dangerous condition on the roadway for passersby.

24. At the time he was initially reprimanded for the safety violation, Jimenez made threatening and hostile remarks to his supervisors.

25. Upon his return to Mason, Tennessee, Jimenez met with management of Vanderbilt Landscaping wherein he received further reprimand for both the safety violation and his insubordination.

26. Jimenez accepted the second reprimand, and he continued to work for Vanderbilt Landscaping.

27. Vanderbilt Landscaping did not terminate Jimenez.

28. Without warning or notice, approximately two weeks later, Jimenez terminated his employment with Vanderbilt Landscaping.

29. Prior to his voluntary termination, Jimenez did not request that Vanderbilt Landscaping return his passport.

30. Upon information and belief, Jimenez surreptitiously stayed one or more nights in a dwelling that was not on property owned or operated by Vanderbilt Landscaping, but was located near the lodging that Vanderbilt Landscaping had made available to its H-2B workers.

31. Vanderbilt Landscaping had advised its migrant workers, including Jimenez, that such dwelling was not to be used for lodging, in part, because it was not owned or controlled by Vanderbilt Landscaping.

32. Vanderbilt Landscaping had no notice that Jimenez had elected to stay in such dwelling until after he resigned his employment.

33.  Gomez began working with Vanderbilt Landscaping on or about April, 2010.

34. Vanderbilt Landscaping did not terminate Gomez.

35. In August of 2010, Gomez advised Vanderbilt Landscaping that he wished to resign, because his wife was approaching the delivery date for his child and due to the fact that he needed to "check on" two stores that he owned in Mexico.

36.  Gomez requested that Vanderbilt Landscaping drive him to Bank of America and a bus station as part of his return to Mexico.

37. Vanderbilt Landscaping complied with Gomez's request at no cost to Gomez.

38. Luna began working with Vanderbilt Landscaping on or about April, 2010.

39. Vanderbilt Landscaping did not terminate Luna.

40. In late June/early July of 2010, Luna advised that he wanted a leave of absence from work in order to travel to Eastern Tennessee to visit a relative.

41. Vanderbilt Landscaping granted Luna's requested leave of absence.

42.  Luna never returned to work for Vanderbilt Landscaping from the requested leave of absence.

43. Approximately one week after Gomez's departure, on or about August 12, 2010, Vanderbilt Landscaping found several members of the media with cameras and other members of the general public on their property, demanding a passport and responses to allegations related

to allegedly sub-standard and/or inhumane living quarters for the H-2B workers employed by Vanderbilt Landscaping.

44. Upon information and belief, these allegations were made by Counter-Defendants.

45. Counter-Defendants' allegations were baseless, false, and caused Counter-Plaintiffs' significant damages.

46. The Counter-Defendants knew that these allegations were false when they were made.

47. In addition, due to the baseless claims of the Counter-Defendants, many defamatory and untrue allegations against Counter-Plaintiffs were printed, broadcast, aired, published, or otherwise disseminated throughout Tennessee.

48. Counter-Plaintiffs are still gathering copies of many of the defamatory articles that have been published and news coverage that was broadcast, but, thus far, Counter-Plaintiffs have uncovered the following:

   a. August 12, 2010, www.wsmv.com, "Mexican Workers for TDOT Contractor Claim Abuse";

   b. August 12, 2010, www.newschannel5.com, "Immigrant Accuses Company of Human Trafficking";

   c. August 13, 2010, *The Daily News Journal*, "Mexican workers for contractor claim abuse";

   d. August 19-25, 2010, *Tennessee Tribune*, "Mexican Guestworker Blows Whistle on Tennessee Company";

   e. September 7, 2010, www.Tennessean.com, "Americans, foreigners complain about guest worker program";

   f. September 8, 2010, www.Tennessean.com, "The best friend Tennessee workers have is a guest worker from Mexico";

   g. September 8, 2010, www.businessweek.com, "Mexican workers for Tenn. contractor claim abuse";

h. September 8, 2010, www.wkrn.com, "Mexican workers for TDOT contractor claim abuse";

i. September 8, 2010, www.newschannel5.com, "Immigrant Accuses Company of Human Trafficking";

j. September 8, 2010, www.southernstudies.org, "Voices: Fighting forced labor in Tennessee"; and

k. September 8, 2010, www.liberalmedianot.blogspot.com, "The ignored side of illegal immigration." (collectively "Defamatory Articles").

49. The Defamatory Articles does not constitute an exhaustive list of published articles and news broadcasts from the August to September 2010 timeframe that libeled Counter-Plaintiffs.

50. In relevant part, Counter-Defendant Jimenez informed these media organizations that persons associated with or employed with Vanderbilt Landscaping (a) confiscated his and others passports, (b) subjected him and other migrant workers to surveillance, (c) kidnapped him and fellow migrant workers, (d) forced him and other migrant workers to work in the heat without breaks, (e) did not pay him and other migrant workers for the time that they worked, (f) forced him and others to live in sub-standard and/or inhumane conditions, and (g) brandished guns and pistols to intimidate him and other migrant workers.

51. All of these accusations are false, and Jimenez knew they were false when he uttered them.

52. Upon information and belief, Gomez and Luna, made similar defamatory statements

53. Illustrative of the defamatory statements made regarding Vanderbilt Landscaping are the following: "[Vanderbilt Landscaping] created an atmosphere of terror for the workers. Bosses openly carried pistols and brandished them. They placed workers in filthy, overcrowded housing under constant surveillance. 'We were not allowed to talk to anyone,' Jimenez said. 'We were

not allowed to go to the store or anywhere else without supervision.' The workers' official wages were $12.33 per hour, but they were routinely paid far less than the hours they worked."

54. All of these statements were false, and Counter-Defendants knew such statements were false when published.

55. As a result of Counter-Defendants' lies and falsehoods, as well as the publication of the defamatory articles and news coverage, several governmental entities, including Tennessee OSHA, Tennessee Department of Transportation, Federal Department of Labor, and the FBI conducted investigations into the allegations made by the Counter-Defendants.

56. All of these investigations revealed that the Counter-Defendants' claims were false and baseless.

57. In addition, upon information and belief, Counter-Defendants or their representatives, caused another defamatory article to be published in the April 4, 2011 edition of the *City Paper*, which was included on the cover of that newspaper.

58. Such article recounted the previous defamatory statements, but now grew into a four (4) page article.

59. As a result of the Defamatory Articles, the recent *City Paper* article, and Counter-Defendants' baseless filing of this lawsuit, Vanderbilt Landscaping has suffered damages including the loss of a five (5) year contract with the Metropolitan Government of Nashville, for $275,000 per year, for which it appeared to be the successful bidder, and damages to its reputation and goodwill.

60. In addition, Mr. Vanderbilt, Sr. and Mr. Vanderbilt have suffered losses to their reputation and have suffered emotional distress injuries.

## Count I – Defamation/Libel

61. Paragraphs 1 through 59 are incorporate herein by reference.

62. Jimenez has committed libel, due to his maliciously, intentionally and/or negligently causing the libelous statements in the Defamatory Articles to be published through a variety of news and media outlets.

63. Counter-Defendants Gomez and Luna have also committed libel, due to their maliciously, intentionally and/or negligently causing the libelous statements the Defamatory Articles to be published through a variety of news and media outlets.

64. Counter-Defendants participated and provided information related to the publication of the April 4, 2011 article in the *City Paper*, after the investigations were completed by various governmental entities, which revealed that the Counter-Defendants' claims were baseless.

65. Counter-Defendants' defamatory statements were uttered with constitutional actual malice.

66. Counter-Defendants' defamatory statements were uttered negligently and with reckless disregard for the truth of the matters asserted.

67. Due to their actions, Counter-Defendants are responsible for the damages incurred by Counter-Plaintiffs.

68. Counter-Plaintiffs have suffered damages as a result of these continued defamatory statements, including damages to their reputation and loss of business.

<u>**Count II – False Light/Invasion of Privacy**</u>

69. Paragraphs 1 through 67 are incorporated herein by reference.

70. Counter-Defendant Jimenez invaded the right of privacy of Counter-Plaintiffs by contributing false information found in the Defamatory Articles, which unreasonably placed the Counter-Plaintiffs in a false light before the public.

71. Counter-Defendants Gomez and Luna invaded the right of privacy of Counter-Plaintiffs by contributing false information found in the Defamatory Articles, which unreasonably placed the Counter-Plaintiffs in a false light before the public.

72. Counter-Defendants also invaded the right of privacy of Mr. Vanderbilt, Sr. and Mr. Vanderbilt, when they contributed information found in the Defamatory Articles and the April 2, 2011 *City Paper*, which constituted an unreasonable intrusion upon the seclusion of Mr. Vanderbilt, Sr. and Mr. Vanderbilt.

73. Counter-Defendants' statements were uttered negligently, with reckless disregard for the truth of the matters asserted, and constitutional actual malice.

74. Counter-Plaintiffs suffered damages as a result of such actions by Counter-Defendants.

### <u>Count III –Tortious and/or Intentional Interference with Business Relations</u>

75. Paragraphs 1 – 73 are incorporated herein by reference.

76. Vanderbilt Landscaping had existing and prospective business relations with various governmental entities, including the Metropolitan Government of Nashville.

77. Counter-Defendants were aware the existing and prospective business relations between Counter-Plaintiffs and such governmental entities, including the Metropolitan Government of Nashville.

78. The actions of Counter-Defendants as set forth herein constitute interference with existing and/or prospective business relations between Counter-Plaintiffs and such governmental entities, including the Metropolitan Government of Nashville.

79. The actions of Counter-Defendants as set forth herein were undertaken maliciously with the intent of causing a breach or termination of the existing and/or prospective business

relationships Counter-Plaintiffs had with governmental entities, including the Metropolitan Government of Nashville.

80. The actions of Counter-Defendants as set forth herein were undertaken maliciously with the intent of causing damages to existing and/or prospective business relationships Counter-Plaintiffs had with governmental entities, including the Metropolitan Government of Nashville.

81. Counter-Plaintiffs have been damaged by the actions of Counter-Defendants in interfering with Counter-Plaintiffs' existing and/or prospective business relations with governmental entities, including the Metropolitan Government of Nashville.

82. The actions of Counter-Defendants were the proximate cause of such interference with Counter-Plaintiffs' existing and/or prospective business relations with governmental entities, including the Metropolitan Government of Nashville.

83. Counter-Plaintiffs are entitled to an award of compensatory damages for Counter-Defendants' actions of interference with prospective or existing business relations with between governmental entities, including the Metropolitan Government of Nashville.

84. Counter-Plaintiffs are entitled to an award of punitive damages for Counter-Defendants' actions of interference with prospective or existing business relations with between governmental entities, including the Metropolitan Government of Nashville.

### Count IV – Procurement of Breach of Contract – Under the Common Law and Pursuant to Tenn. Code Ann. § 47-50-109

85. Paragraphs 1-83 are incorporated herein by reference.

86. Counter-Defendants were aware and had knowledge of the existence of agreements between Counter-Plaintiffs and governmental entities, including the Metropolitan Government of Nashville.

87. Counter-Defendants intended to induce various governmental entities, including the Metropolitan Government of Nashville, to breach the terms of their agreements with Counter-Plaintiffs.

88. Counter-Defendants acted maliciously in inducing the breach by Metropolitan Government of Nashville of its expected agreement with Counter-Plaintiffs.

89. As detailed above, the Metropolitan Government of Nashville determined not to pursue the services contract with Counter-Plaintiffs, as a result of Counter-Defendants' baseless actions.

90. The actions of Counter-Defendants were the proximate cause of such breach of contract.

91. Counter-Plaintiffs have been damaged by the actions of Counter-Defendants in procuring breaches by the Metropolitan Government of Nashville.

92. Pursuant to Tenn. Code Ann. § 47-50-109, Counter-Plaintiffs are entitled to an award of three times the amount of its actual damages for the actions of Counter-Defendants' actions of procuring breach of contract.

## Count V – Intentional and/or Reckless Infliction of Emotional Distress

93. Paragraphs 1-91 are incorporated herein by reference.

94. Counter-Defendants' actions of making false and defamatory were intentional and/or reckless.

95. Counter-Defendants' conduct was so outrageous that it cannot be tolerated by civilized society.

96. Counter-Defendants' conduct and the resulting Defamatory Articles resulted in serious mental injuries to Mr. Vanderbilt, Sr. and Mr. Vanderbilt.

97. Mr. Vanderbilt, Sr. and Mr. Vanderbilt are entitled to recovery of damages for such intentional and outrageous acts.

## Count VI – Abuse of Process

98. Paragraphs 1 - 96 are incorporated herein by reference.

99. Upon belief, Counter-Defendants have an ulterior motive for taking actions that led to the Defamatory Articles and the filing of this lawsuit.

100.    The Defamatory Articles led to a number of investigations by various governmental entities that showed that Counter-Defendants allegations were baseless and false.

101.    However, after learning of the results of those investigations, Counter-Defendants filed this lawsuit.

102.    Thus, Counter-Defendants both knew and understood that their allegations were false, and that various governmental agencies had determined their allegations were baseless.

103.    Counter-Defendants' primary purpose is to use this Court's process to obtain their collateral or ulterior goal.

104.    Counter-Defendants have misused and/or misapplied the judicial process to pursue an end for which it was not designed.

105.    Counter-Plaintiffs have been damaged by Counter-Defendants abuse of process.

## Count VI – Civil Conspiracy

106.    Paragraphs 1-104 are incorporated herein by reference.

107.    The commission of each of the torts alleged above was pursuant to a common design among the Counter-Defendants to accomplish by concerted action an unlawful purpose or a lawful purpose by an unlawful means.

108.    As set forth herein, Counter-Defendants each have committed one or more overt acts in furtherance of the conspiracy.

109.    Counter-Plaintiffs have been injured by Counter-Defendants' civil conspiracy.

110.     Each Counter-Defendant should be adjudged jointly and severally liable for all damages for which any individual defendant is adjudged liable for any and all of the above torts.

**Count VII – Concert of Action**

111.      Paragraphs 1 - 109 are incorporated herein by reference.

112.     With respect to each instance of tortious conduct stated above, each of the Counter-Defendants acted pursuant to common design with the other Counter-Defendants.

113.     With respect to each instance of tortious conduct stated above, each of the Counter-Defendants knew that each of the other Counter-Defendants' conduct was defamatory, cast Counter-Plaintiffs in a false light, would interfere with Counter-Plaintiffs' business relations, would cause emotional distress, and would procure breach or interfere with the business relationships between various entities and Counter-Plaintiffs.

114.     With respect to each instance of tortious conduct stated above, each of the Counter-Defendants gave substantial assistance and/or encouragement to each other Counter-Defendant to so conduct himself.

115.     Counter-Plaintiffs were damaged by Counter-Defendants concert of action.

**Count VIII – Punitive Damages**

116.     Paragraphs 1-114 are incorporated herein by reference.

117.     Counter-Defendants actions, as set forth above, were undertaken maliciously, intentionally, fraudulently, and/or recklessly.

118.     Counter-Plaintiffs have been damaged as a result of such actions by Counter-Defendants.

119.     Counter-Plaintiffs are entitled to an award of punitive damages due to Counter-Defendants' actions.

120. Counter-Plaintiffs reserve the right to amend this pleading.

121. Counter-Plaintiffs demand a trial by jury by the maximum number of jurors allowed.

## **PRAYER FOR RELIEF**

A. Counter-Plaintiffs recover all damages it has sustained as a result of Counter-Defendants' defamation/libel, false light/invasion of privacy, negligent and/or intentional interference with business relations, procurement of breach of contract (including a trebling of such damages), reckless and/or intentional emotional distress, civil conspiracy, concert of action, and abuse of process;

B. Counter-Plaintiffs be awarded a judgment against Counter-Defendants, joint and severally;

C. Counter-Plaintiffs be awarded exemplary and punitive damages for Counter-Defendants' tortious activities;

D. Counter-Plaintiffs be awarded treble damages for Counter-Defendants' procurement of breach of contract;

E. Counter-Plaintiffs recover their reasonable costs, fees, and expenses;

F. Counter-Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest;

G. Counter-Plaintiffs recover such other and further general and equitable relief as this Court may deem just, proper, and equitable.

Respectfully submitted,

FROST BROWN TODD, LLC

/s/ Mekesha H. Montgomery

Mekesha H. Montgomery (BPR #25831)
Brian C. Neal (BPR #22532)
424 Church Street, Suite 1600
Nashville, Tennessee  37219
(615) 251-5550
(615) 251-5551 *facsimile*

*Attorneys for Defendants Vanderbilt Landscaping, LLC, Larry Vanderbilt Sr., and Joffrey Vanderbilt*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Answer to First Amended Complaint has been served via ECF and United States Postal Service, postage prepaid, upon the following parties on this the 20th day of April, 2011:

Charles P. Yezbak, III
Robert C. Caldwell
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215

Edward Tuddenham
1339 Kalmia Road NW
Washington DC 20012

Jennifer J. Rosenbaum
New Orleans Workers' Center
For Racial Justice
217 N. Prieur Street
New Orleans, LA 70112

/s/  Mekesha H. Montgomery

NSHLibrary 0117418.0579668  97572v1