| | | |
|---|---|---|
| HILARIO RAZURA JIMENEZ, JOSE MANUEL GUERRERO GOMEZ, J. REFUGIO CASTELLON LUNA, GUILLERMO BERNAL ORTEGA, RIGOBERTO TORRES GUERRERO, DIEGO FLORES CICERNOS, RUBEN MADERA CANALES, LUIS A ALBERTO MEDINA AYON, ALVARO MORALES VILLEGAS, MELCHOR JAVIER CASTANEDA GALLARDO, JOSE CASIMIRO BENAVIDES FRIAS, EDGARDO IBARRA RUIZ, HUGO IGNACIO IBARRA RUIZ, MIGUEL ANGEL GOMEZ NUNO, OSCAR RODRIGUEZ GOMEZ, and TEODULO HUIZAR MADERA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:11-0276<br><br>Chief Judge Campbell<br>Magistrate Judge Knowles<br><br>Jury Demand |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VANDERBILT LANDSCAPING, LLC, LARRY VANDERBILT SR., JOFFREY VANDERBILT, ONESOURCE LANDSCAPE AND GOLF SERVICES, INC., ABM SERVICES INC., and ABM INDUSTRIES, INCORPORATED, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| VANDERBILT LANDSCAPING, LLC, LARRY VANDERBILT SR., AND JOFFREY VANDERBILT, | ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| HILARIO RAZURA JIMENEZ, JOSE MANUEL GUERRORO GOMEZ, and J. REFUGIO CASTELLON LUNA, | ) ) ) | |
| Counter-Defendants. | ) ) | |

1

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIMS

The requested first amendment to the Counterclaim simply adds two additional defendants and one additional claim against those new defendants. The amendment does not alter the remaining claims against Counter-Defendants, nor will it require alteration of the trial date. Accordingly, the Court should grant Defendants/Counter-plaintiffs Vanderbilt Landscaping, LLC, Larry Vanderbilt, Sr., and Joffrey Vanderbilt ("Counter-plaintiffs") leave to amend their counterclaims to add two additional counter-defendants, New Orleans Workers' Center for Racial Justice ("CRJ") and Jacob Horwitz, pursuant to Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs claim that Defendants engaged in wrongful conduct relating to Plaintiffs' employment by Vanderbilt Landscaping, LLC. (Doc. No. 10). Counter-plaintiffs allege essentially mirror-image counterclaims, asserting several claims that arise from Counter-defendants' conduct designed to harm Counter-plaintiffs' reputations and business. (Doc. No. 15). Following entry of a scheduling order, the parties exchanged written discovery requests. The Court recently dismissed certain of the counterclaims, while other remain. (Doc. No. 50). The parties have not taken any depositions and only recently began exchanging responses to written discovery. The deadline for amending the pleadings is over four months away — December 31, 2011. (Doc. No. 40 ¶ 6). Because discovery is still in its early stages, the proposed amendment will not alter the current schedule or trial date.

The amendments simply seek to add additional counter-defendants: CRJ and Mr. Horwitz. (See proposed First Am. Counterclaim, attached as Exh. A). The amendments allege

2

that CRJ and Mr. Horwitz engaged in the same conduct that serves as the basis for the current Counterclaim. The amendments also seek to recover from CRJ and Horwitz the fees and costs incurred by Counter-plaintiffs in defending Plaintiffs' claims and related governmental inquiries, pursuant to <u>Pullman Standard, Inc. v. Abex Corp.</u>, 693 S.W.2d 2336 (Tenn. 1985) and its progeny (the "<u>Pullman</u> claim").

As explained below, the Court should permit Counter-plaintiffs to amend the counterclaim to add CRJ and Horwitz as counter-defendants and add the <u>Pullman</u> claim.

## II. ARGUMENT

The addition of parties as counter-defendants is permitted under Rule 20(a):

> (2) *Defendants.* Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Likewise, under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave.[1] The court should freely give leave when justice so requires." Given the liberal amendment standard established by Rule 15(a), courts look to the following factors to determine whether amendment should ***not*** be permitted: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." <u>Wade v. Knoxville Utils. Bd.</u>, 259

---

[1] Counsel for Counter-plaintiffs unsuccessfully sought consent for the amendment from the counsel for current Counter-defendants.

F.3d 452, 458 (6th Cir. 2001) (citation omitted). None of those factors argues against the proposed amendment, nor do the factors overcome the liberal amendment standard.

Counter-plaintiffs asserted their counterclaim on April 20, 2011 — just four months ago. (Doc. No. 15). During those four months, the parties filed competing motions to dismiss, attended the Initial Case Management Conference and initiated written discovery. Over four months remain until the pleadings will close, and fact discovery does not close for another nine months (May 30, 2012). (Doc. No. 40). In sum, Counter-plaintiffs have not unduly delayed in adding CRJ and Horwitz as counter-defendants. Moreover, the current counter-defendants will not be unduly prejudiced by having additional counter-defendants in the case.

Neither CRJ nor Horwitz can claim lack of notice or bad faith by Counter-plaintiffs. CRJ and Horwitz have been involved in a crusade against Counter-plaintiffs for approximately one year and have continued that crusade even after Plaintiffs filed this action. (See generally Exh. A). Indeed, an attorney associated with CRJ, Jennifer Rosenbaum, has been admitted *pro hac vice* in this case, and Mr. Horwitz has been identified as a "Lead Organizer" of one of CRJ's initiatives. (See Exh. A ¶ 6).

For amendments, futility looks to whether the claim can survive a Rule 12(b)(6) analysis. Thiokol Corp. v. Department of Treasury, Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993). Excluding the Pullman claim, all of the causes of action in the First Amended Counterclaim have been vetted and survived Rule 12(b)(6) scrutiny. (See Doc. No. 50). The Pullman claim is related to the other causes of action against CRJ and Horwitz. The amendment is not futile. Finally, this is the first amendment to the counterclaim.

None of the factors that may overcome the liberal amendment standard of Rule 15(a) defeats the proposed amendment here. Accordingly, the Court should grant Counter-plaintiffs leave to amend the Counterclaim.

### III. CONCLUSION

For the foregoing reasons, Counter-plaintiffs respectfully request that the Court grant leave to file the attached Amended Counterclaim.

Respectfully submitted,

FROST BROWN TODD, LLC

/s/ William L. Campbell, Jr.
Mekesha H. Montgomery (BPR #25831)
William L. Campbell, Jr. (BPR #22712)
424 Church Street, Suite 1600
Nashville, Tennessee 37219
(615) 251-5550
(615) 251-5551 *facsimile*
mmontgomery@fbtlaw.com
ccampbell@fbtlaw.com

*Attorneys for Defendants/Counter-Plaintiffs Vanderbilt Landscaping, LLC, Larry Vanderbilt Sr., and Joffrey Vanderbilt*

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to Amend Counterclaim has been served via ECF and United States Postal Service, postage prepaid, upon the following parties on this the 22nd day of August, 2011:

Charles P. Yezbak, III
Robert C. Caldwell
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215

Edward Tuddenham
1339 Kalmia Road NW
Washington DC 20012

Jennifer J. Rosenbaum
New Orleans Workers' Center
For Racial Justice
217 N. Prieur Street
New Orleans, LA 70112

/s/  William L. Campbell, Jr.

NSHLibrary 0117418.0579668  101891v1

6