UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HILARIO RAZURA JIMENEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:11-0276 |
| ) | |
| v. ) | |
| ) | |
| VANDERBILT LANDSCAPING, LLC, et al., ) | Chief Judge Campbell |
| ) | Magistrate Judge Knowles |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO VANDERBILT DEFENDANTS' MOTION TO AMEND COUNTERCLAIM TO ADD CLAIMS AND COUNTERCLAIM DEFENDANTS**

Defendants Vanderbilt Landscaping, LLC, Larry Vanderbilt Sr. and Joffrey Vanderbilt (the "Vanderbilt Defendants") have moved this Court for leave to amend their Counterclaim (the "Motion to Amend," Doc. 53) to add as counterclaim defendants New Orleans Workers' Center for Racial Justice ("NOWCRJ"), the nonprofit organization providing legal and other support to Plaintiffs, and NOWCRJ staff member Jacob Horwitz.[1]  The Motion to Amend is yet another baseless attempt by the Vanderbilt Defendants to distract this Court from addressing the issues at the heart of this matter -- namely, Defendants' exploitation and abuse of indigent workers -- and to intimidate Plaintiffs and NOWCRJ from pursuing the claims alleged in the First Amended Complaint.  The Vanderbilt Defendants' gamesmanship should be rejected and their Motion to Amend denied.

\*             \*             \*             \*

---

[1] Defendants Onesource Landscape and Golf Services, Inc., ABM Services Inc., and ABM Industries Inc. did not join in the Motion to Amend.

NOWCRJ is a nonprofit organization dedicated to supporting workers, like Plaintiffs, who, due to limited (or nonexistent) financial resources (and, in the case of Plaintiffs, a lack of power resulting from temporary immigration status and language barrier), are often victimized by employers such as Defendants. NOWCRJ was formed to combat labor and civil rights abuses in the aftermath of Hurricane Katrina, and continues to work with labor and community leaders to help workers lawfully demand safety, dignity and fairness in their working and living conditions.[2]

Mr. Horwitz is a NOWCRJ staff member who has been assisting Plaintiffs since Plaintiffs approached NOWCJR seeking relief from Defendants' wrongful conduct alleged in the First Amended Complaint. Among other things, NOWCRJ and Mr. Horwitz arranged for Plaintiffs to receive free legal services from NOWCRJ in pursuing (and now defending) this action.[3]

Apparently unwilling to address the allegations of the First Amended Complaint, the Vanderbilt Defendants have instead engaged in a campaign of aggressive litigation calculated to delay adjudication of this matter and strain the very limited resources of Plaintiffs and NOWCRJ. Their latest gambit -- seeking to join NOWCRJ and Mr. Horwitz as counterclaim defendants -- should be seen for what it is: a further attempt to avoid a reckoning. The Motion to Amend should be denied in its entirety.

First, the Motion to Amend, if granted, would unfairly prejudice Plaintiffs in that it would join as parties Plaintiffs' main source of legal and logistical support. Courts routinely reject such attempts to strategically disadvantage the opposing party. Plaintiffs should not be forced to litigate their claims against Defendants while simultaneously defending baseless claims made

---

[2] See NOWCRJ website: http://www.nowcrj.org/

[3] Plaintiffs' primary counsel herein, Jennifer J. Rosenbaum, is legal director of NOWCRJ.

against their counsel and support team (as well as opposing the motion to disqualify Plaintiffs' counsel that Plaintiffs anticipate the Vanderbilt Defendants would bring if their Motion to Amend is granted). That is particularly true in light of the fact that more than five months have elapsed since Plaintiffs brought their case in March, and the proposed amended counterclaims would serve only to delay (and confuse) this matter further.

Second, in contrast, the Vanderbilt Defendants would not be prejudiced at all if their motion is denied. As the Vanderbilt Defendants themselves assert, their proposed counterclaims are permissive, rather than compulsory (see Defs.' Mem. at 3 (Doc. 54)), and they would be free to later bring claims against NOWCRJ and Mr. Horwitz after this matter is resolved. Indeed, NOWCRJ and Mr. Horwitz have no relation to Plaintiffs' employment relationships with the Defendants, and as such are not necessary for this Court to adjudicate Plaintiffs' claims or for Defendants to assert their defenses.

Third, the Vanderbilt Defendants' proposed claim for common-law indemnification of legal fees (i.e., the "Pullman claim") against NOWCRJ and Mr. Horwitz would be futile. A "Pullman" claim may be brought against a party that, through its own negligence or other tort, caused the claimant to expend costs through litigation. The Vanderbilt Defendants fail to cite any case where, as here, a "Pullman" claim has been brought against opposing counsel (or an organization such as NOWCRJ or its members) for simply representing their clients.

In sum, Fed. R. Civ. P. 15 only allows amendment of pleadings "when justice so requires," and Plaintiffs respectfully submit that justice requires that this Court deny the Motion to Amend.

## ARGUMENT

### I. THE PROPOSED AMENDED COUNTERCLAIMS WOULD UNDULY PREJUDICE PLAINTIFFS

Rule 15 requires that, "when justice so requires," leave to amend a pleading should be "freely" granted. Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied where, as here, the proposed amendment is brought in "'bad faith'" or would result in "'undue prejudice to the opposing party.'" Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458 (6th Cir. 2001) (affirming denial of leave to amend) (quoting Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989) (same)). See also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 347 (6th Cir. 2007) (affirming denial of leave to amend in light of delay and because "amendment would place an unfair burden on the opposing party").

"Dilatory tactics," such as attempting to join opposing counsel in the lawsuit, constitute prejudicial conduct warranting denial of a motion to amend. As one court put it: "If one party to a lawsuit could disrupt an opposing party's relationship with an attorney simply by naming that attorney in a lawsuit, litigation would become nothing but gamesmanship." Derringer v. Chapel, Civ. No. 03-804 WJ/RHS, Slip Op. (D.N.M. Aug. 14, 2003) (Ex. A). See also Goldberg v. Meridor, 81 F.R.D. 105, 113 (S.D.N.Y. 1979).

In Goldberg, plaintiff sought to join the two law firms representing the defendants. The district court found that adding the law firms as parties would potentially subject the defendants "to the substantial prejudice of losing their counsel," and as such, required that plaintiffs' justification for seeking such relief be "particularly strong." Id. Because the plaintiffs were unable to meet that heightened burden, the court denied the motion. Id. at 114. Similarly, in Food Serv. Inc. v. Trade St. Research, Inc., defendant sought to assert counterclaims against

plaintiff's attorneys. 129 F.R.D. 126 (W.D.N.C. 1990). The court denied the motion to add the additional parties, holding that such joinder would prejudice the plaintiffs. Id. at 129.

Here, Plaintiffs would be prejudiced if they were forced to litigate this action while simultaneously defending claims against their counsel. Moreover, while Plaintiffs do not concede that withdrawal of their counsel would be proper if this Court were to grant the Motion to Amend, they anticipate that Defendants would resort to seeking that relief and attempting to deprive Plaintiffs of the only counsel available to them. Indeed, in light of Plaintiffs' minimal resources, limited English skill and residence outside of the United States, they would be unable to pursue their claims in this action -- or defend against Defendants' meritless counterclaims -- without the support and counsel of NOWCRJ and Mr. Horwitz. See Essroc Cement Corp. v. CPRIN, Inc., 73 Fed. R. Serv. 3d 1344, 1364 (W.D. Mich. 2009) (awarding sanctions against plaintiff for strategically asserting claims against defendants' attorneys which "hamper[ed] [defendants'] effort to defend themselves . . . .").

The prejudice to Plaintiffs is heightened by the fact that the Vanderbilt Defendants have unreasonably delayed attempting to join NOWCRJ and Mr. Horwitz as counterclaim defendants. The Vanderbilt Defendants concede that during the five months since this litigation commenced, "the parties filed competing motions to dismiss, attended the Initial Case Management Conference and initiated written discovery." (Defs.' Mem. at 4.) Plaintiffs' motion to dismiss the original counterclaims has already been extensively briefed and argued. Amending the complaint would result in the parties and this Court repeating this extensive motion to dismiss process, causing extensive attorney time, court time and delay.

The Vanderbilt Defendants have offered no explanation for not including their proposed amended counterclaims in their initial answer, because they cannot. These claims are brought

now solely to harass and intimidate Plaintiffs, NOWCRJ and Mr. Horwitz, and should be rejected on that basis. See Commercial Money, 508 F.3d at 346; Wade, 259 F.3d at 459 (denying motion to amend complaint in part because "plaintiff fails to offer any explanation or justification for the lateness of the motion to amend" and does not "dispute the finding of prejudice to the defendant that would result if plaintiff had been allowed to add the disability discrimination claims at th[is] stage of the proceedings").

## II. IN CONTRAST, THE VANDERBILT DEFENDANTS WOULD NOT BE PREJUDICED AT ALL IF THE MOTION TO AMEND IS DENIED

Denying the Motion to Amend would not prejudice the Vanderbilt Defendants in any way. They contend that "[t]he addition of parties as counter-defendants is permitted under Rule 20(a) [Permissive Joinder of Parties]." (Defs.' Mem. at 3.) Because, as the Vanderbilt Defendants concede, their proposed amended counterclaims are not compulsory, they are free to pursue claims against NOWCRJ and Mr. Horwitz later, assuming arguendo that they had some legitimate basis for doing so. The Vanderbilt Defendants have articulated no reason why the failure to join NOWCRJ and Mr. Horwitz now would prejudice them, and indeed they could not: NOWCRJ and Mr. Horwitz were not involved at all in the events alleged in the First Amended Complaint, and joining them could not possibly aid the Vanderbilt Defendants in defending Plaintiffs' claims or the Court in adjudicating those claims. See Carson v. AJN Holdings, No. 3:05-cv-294, 2006 WL 3361749, at *5 (E.D. Tenn. Nov. 20, 2006) (finding that "court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted" and denying motion to amend).

Moreover, denying the Motion to Amend would be most efficient for the litigants herein associated with the "2009 Season," i.e., the thirteen Plaintiffs as to which no counterclaims have been asserted and the four Defendants who have chosen not to join the Vanderbilt Defendants in

6

their counterclaims or Motion to Amend. (See First Amended Complaint ¶¶ 111-140 (Doc. 10).) Those litigants, like Plaintiffs, would benefit most from prompt resolution of the claims asserted in the First Amended Complaint.

## III. DEFENDANTS' PROPOSED "PULLMAN" CLAIM IS FUTILE BECAUSE INDEMNIFICATION WOULD NOT APPLY UNDER THESE CIRCUMSTANCES

In addition to seeking to join NOWCRJ and Mr. Horwitz as counterclaim defendants, Defendants seek to turn the concept of indemnification on its head by bringing a "Pullman" claim against those parties on the grounds that they represented their indigent clients. Citing Pullman Standard, Inc. v. Abex Corporation, 693 S.W.2d 336 (Tenn. 1985), the Vanderbilt Defendants assert that a defendant can recover defense costs from opposing counsel -- as well as from a charitable organization and its staff voluntarily assisting the plaintiff -- upon prevailing in an action. Even if the Vanderbilt Defendants did have some basis for prevailing here (which they do not), Tennessee law does not provide for such a sweeping proposition. That claim would be futile[4] and should be rejected for the following reasons:

First, Pullman does not provide that a party may seek legal fees from opposing counsel upon prevailing in an action. In Pullman, a rail car manufacturer sued a wheel manufacturer to recover attorney fees defending against actions in which it was determined that derailment was caused by the wheel manufacturer's defective wheels. 693 S.W.2d at 337. The court held that such fees could be recovered under a theory of implied indemnity (i.e., in the case of joint torfeasors) or through defending an action resulting from "the tort of another." Id. at 340 (quoting Restatement (Second) of Torts § 914(2) (1979)).

---

[4] In addition to bad faith and prejudice, futility is another basis for denying a motion to amend. E.g., Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1007-08 (6th Cir. 2005) (affirming denial of motion to amend complaint because new proposed cause of action would not apply under the circumstances and was therefore futile); Head, 870 F.2d at 1123 (same).

7

Here, the Vanderbilt Defendants appear to be arguing that NOWCRJ and Mr. Horwitz committed a tort by virtue of their representation of Plaintiffs. However, the Vanderbilt Defendants fail to cite a single case holding that opposing counsel (or someone otherwise representing the opposing party) can face such liability. E.g., Electric Controls v. Ponderosa Fibres of Am., 19 S.W.3d 222, 229-30 (Tenn. Ct. App. 1999) (reversing award of fees under Pullman, and finding that such fees are warranted only where "the indemnitee was forced to defend itself due to some fault or wrongdoing by the indemnitor").

In fact, Pullman and its progeny typically impose litigation costs on a party for its negligence, such as where a surveyor's error impedes a landowner's title, causing the landowner to incur costs litigating against encroaching landowners. See Whitelaw v. Brooks, 138 S.W.3d 890, 893 (Tenn. Ct. App. 2003). Compare Stanfield v. Jenkins, No. Civ. 1:03CV231, 2005 WL 3358859, at *3 (E.D. Tenn., Dec. 8, 2005) (seller seeking foreclosure was forced to defend against buyer's action alleging land contamination, and sought defense fees under Pullman from third parties responsible for contamination; court denied third parties' motion to dismiss). That is not the case here, where Defendants seek instead to retaliate against NOWCRJ and Mr. Horwitz for their efforts in supporting Plaintiffs.

Second, the Vanderbilt Defendants' broad reading of Pullman is contrary to public policy, in that it would serve to discourage counsel -- and other staff of nonprofit, community organizations -- from representing individuals in need, for fear that they themselves would be sued. That was clearly not the court's intention in Pullman, and that is not provided for under Tennessee law.

Third, Defendants' "Pullman" claim should be rejected for the independent reason that counterclaims brought against new parties must also be brought against the existing counterclaim

defendants.  See AllTech Commc'ns, LLC v. Brothers, 601 F. Supp. 2d 1255, 1260 n.3 (N.D. Okla. 2008).  In Alltech, the defendant asserted counterclaims, and then later moved to amend those counterclaims to assert new claims against new parties.  Id. at 1260.  The court denied the motion, finding that the Federal Rules of Civil Procedure do not permit a party to assert counterclaims against new parties but not against the original counterclaim defendants.  Id. at 1260-61.[5]

The Vanderbilt Defendants' Motion to Amend likewise does not seek to assert "Pullman" claims against the Plaintiffs.  That is likely because they cannot do so:  a "Pullman" claim may not be brought against an opposing party to recover costs incurred litigating against that opposing party.  Rather, such a claim may only be brought against a third party that, through a tort, caused the movant to incur costs in the original litigation.  See Pullman 693 S.W.2d at 340.  As such, Plaintiffs' proposed Count V ("Common Law Indemnification") cannot be added as a counterclaim.

---

[5]  See also Microsoft Corp. v. Ion Techs. Corp., 484 F. Supp. 2d 955, 965 (D. Minn. 2007); Sony Fin. Servs., LLC v. Multi Video Grp., Ltd., No. 03-Civ-1730, 2003 WL 22928602 at *4 (S.D.N.Y. Dec 12, 2003); Raytheon Aircraft Credit Corp. v. Pal Air Int'l, Inc., 923 F. Supp. 1408, 1414 (D. Kan. 1996).

## **CONCLUSION**

The Vanderbilt Defendants' Motion to Amend should be denied in its entirety.

Respectfully submitted this 5th day of October 2011.

 /s/  Charles P. Yezbak, III
Charles P. Yezbak, III
Tenn. B.P.R. No. 18965
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 *facsimile*
yezbak@yezbaklaw.com

Jennifer J. Rosenbaum
LSBA No. 31946
*Admitted to practice in the U.S. Dist. Ct., M.D. of Tenn.*
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, Louisina 70112
(504) 309-5165
jjrosenbaum@nowcrj.org

Edward Tuddenham
Texas Bar No. 2028300
*Pro Hac Vice application anticipated*
1339 Kalmia Rd. NW
Washington, D.C. 20012
(202) 249-9499
etudden@io.com

## CERTIFICATE OF SERVICE

       This is to hereby certify that I have this 5th day of October 2011 electronically filed the above with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

                                    Mekesha H. Montgomery (BPR #25831)
                                    424 Church Street, Suite 1600
                                    Nashville, Tennessee 37219
                                    (615) 251-5550
                                    (615) 251-5551 *facsimile*

                                    *Counsel for Defendants Vanderbilt Landscaping,*
                                    *LLC, Larry Vanderbilt Sr., and Joffrey Vanderbilt*

                                    Matthew A. Boyd
                                    Tennessee Bar No. 017898
                                    Georgia Bar No. 027645
                                    mboyd@hptylaw.com

                                    Ronald G. Polly Jr.
                                    Georgia Bar No. 538264
                                    rpolly@hptylaw.com

                                    *Counsel for the ABM Defendants*

Dated October 5, 2011


 /s/  Charles P. Yezbak, III
Charles P. Yezbak, III