| | |
|---|---|
| HILARIO RAZURA JIMENEZ, JOSE MANUEL GUERRERO GOMEZ, J. REFUGIO CASTELLON LUNA, GUILLERMO BERNAL ORTEGA, RIGOBERTO TORRES GUERRERO, DIEGO FLORES CICERNOS, RUBEN MADERA CANALES, LUIS A ALBERTO MEDINA AYON, ALVARO MORALES VILLEGAS, MELCHOR JAVIER CASTANEDA GALLARDO, JOSE CASIMIRO BENAVIDES FRIAS, EDGARDO IBARRA RUIZ, HUGO IGNACIO IBARRA RUIZ, MIGUEL ANGEL GOMEZ NUNO, OSCAR RODRIGUEZ GOMEZ, and TEODULO HUIZAR MADERA, <br><br>Plaintiffs, <br><br>v. <br><br>VANDERBILT LANDSCAPING, LLC, LARRY VANDERBILT SR., JOFFREY VANDERBILT, ONESOURCE LANDSCAPE AND GOLF SERVICES, INC., ABM SERVICES INC., and ABM INDUSTRIES, INCORPORATED, <br><br>Defendants. <br><br>VANDERBILT LANDSCAPING, LLC, LARRY VANDERBILT SR., AND JOFFREY VANDERBILT, <br><br>Counter-Plaintiffs, <br><br>v. <br><br>HILARIO RAZURA JIMENEZ, JOSE MANUEL GUERRORO GOMEZ, J. REFUGIO CASTELLON LUNA, NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE and | Civil Action No. 3:11-0276 <br><br>Chief Judge Campbell <br>Magistrate Judge Knowles <br><br>Jury Demand |

1

Exhibit A

| JACOB HORWITZ | ) |
| Counter-Defendants. | ) |

### VANDERBILT DEFENDANTS' REPLY BRIEF TO JIMENEZ PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COUNTERCLAIM

**A.   Introduction**

The proposed amendment does not change the claims against or otherwise impact the Jimenez Plaintiffs. Contrary to the Jimenez Plaintiffs' inaccurate portrayal of the proposed amendment, the Counter-Plaintiffs simply seek redress for wrongful acts of the new Counter-Defendants, CRJ and Horwitz. The Jimenez Plaintiffs and new Counter-Defendants arbitrarily targeted Vanderbilt Landscaping, a minority-owned family business, despite findings of government agencies that contradict the Jimenez Plaintiffs' claims. Indeed, the Jimenez Plaintiffs, CRJ and Horwitz embarked on a public campaign against Vanderbilt Landscaping to promote a political agenda, as alleged in the original counterclaim. Counter-Plaintiffs simply seek to add CRJ and Horwitz as parties so all claims arising from the same occurrence are tried together.

**B.   Jimenez Plaintiffs Will Not Be Unduly Prejudiced.**

Jimenez Plaintiffs repeatedly argue throughout their response that the Counter-Plaintiffs seek, through the amendment, to sue the Jimenez Plaintiffs' counsel for the purpose of prejudicing the Jimenez Plaintiffs. Horwitz is not an attorney; CRJ is not a law firm, but instead is an advocacy group.[1] In fact, the Jimenez Plaintiffs have three attorneys – Charles P. Yezbak, Edward Tuddenham, and Jennifer Rosenbaum – and the Counter-Plaintiffs have not sued a single one of them. While Ms. Rosenbaum may be employed by CRJ, that fact does not immunize CRJ or Horwitz from liability.

---

[1] According to its website, CRJ is an advocacy group for "organizing workers across race and industry to build the power and participation of workers and communities."

2

Next, Plaintiffs rely on Wade v. Knoxville for the proposition that Vanderbilt Defendants have unreasonably delayed filing the motion to amend and that Jimenez Plaintiffs would suffer undue prejudice. See Doc. No. 57. Yet, in Wade, the court based its finding of unreasonable delay and undue prejudice on the fact that the plaintiffs sought amendment after the dispositive motion deadline, numerous depositions had been taken, significant discovery had been completed, and the defendant had filed a summary judgment motion. Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001).

Here, the dispositive motion deadline in the present case is over eight months away – June 30, 2012. See Doc. No. 40. Depositions have not been scheduled, let alone taken, and the deadline to complete depositions is May 30, 2012. Id. Indeed, Plaintiffs have not yet responded to the Vanderbilts' written discovery, by agreement. The Vanderbilts' Answer was filed on April 20, 2011, and the Motion for Leave to Amend was filed on August 22, 2011. See Doc. Nos. 15 and 53. This is a time period of only four months. Most importantly, the Vanderbilts filed this motion seeking to amend the Answer over four months before the deadline for filing motions to amend the pleadings – a deadline to which Plaintiffs consented. See Doc. No. 40.

Plaintiffs' next argument – that the Vanderbilts would not be prejudiced – is not relevant to the legal standard applied to determine whether to grant leave to amend. In analyzing whether to grant a party leave to amend, one of the factors that courts consider is "undue prejudice to the **opposing party**." Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001). For obvious reasons, prejudice or lack thereof to the *movants* is not a relevant factor.

### C. Vanderbilt Defendants Have Sufficiently Pleaded the Pullman Claim.

The Jimenez Plaintiffs argue that the proposed amendment is futile. Futility looks to whether the claim can survive a Rule 12(b)(6) analysis. Thiokol Corp. v. Department of

3

Treasury, Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993). The Jimenez Plaintiffs, however, attempt to argue the merits of the Pullman claim. The basis of the Jimenez Plaintiffs' arguments for futility is their assertion that the Vanderbilt Defendants have sued opposing counsel. The Jimenez Plaintiffs claim that (1) Pullman does not permit a party to seek legal fees from opposing counsel upon prevailing in an action, and (2) permitting such a cause of action against opposing counsel would be against public policy. First, these arguments are not appropriate for a Rule 12(b)(6) standard. These arguments lack merit because the Vanderbilt Defendants have not asserted the Pullman claim against **opposing counsel**.

In fact, the Vanderbilt Defendants have sufficiently pleaded a Pullman claim. The Rule 12(b)(6) standard requires that a complaint contain sufficient factual allegations so that the claim for relief is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (U.S. 2009). In Pullman, the Tennessee Supreme Court set out the basis of the claim:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

Pullman Standard, Inc. v. Abex Corp., 693 S.W.2d 336, 340 (Tenn. 1985) (quoting Restatement (Second) of Torts, § 914(2) (1979).

The Vanderbilt Defendants allege conduct amounting to defamation, invasion of privacy/false light, and conspiracy – the underlying torts for the Pullman Claim. See Amended Counterclaim ¶¶ 8-67, 76-82. Because of these torts committed by CRJ and Horwitz, the Vanderbilt Defendants have had to protect their interests by defending actions brought by a third person (the Jimenez Plaintiffs and the governmental entities) and incurred significant costs in

4

doing so. See Amended Counterclaim ¶¶ 8-53, 82-84. The Jimenez Plaintiffs also emphasize that a Pullman claim is typically brought based on the negligence of a third party. Because the Vanderbilt Defendants have alleged CRJ and Horwitz committed intentional torts – as opposed to mere negligence – it appears that a Pullman claim would be even more appropriate in this context than in a negligence case.

Finally, Vanderbilt Defendants' assertion of the Pullman claim against CRJ and Horwitz is procedurally proper. Federal Rule of Civil Procedure Rule 13(h) directs Defendants to Federal Rules of Civil Procedure 19 and 20 for the procedural method of "adding a party to a counterclaim." Defendants added CRJ and Horwitz to the following counterclaims that had already been asserted against the Jiminez Plaintiffs: defamation, false light/invasion of privacy, intentional interference with business relations, and conspiracy. Rule 20 permits this joinder of CRJ and Horwitz because the counterclaims arise out of the same series of occurrences, and common questions of law and fact common to all plaintiffs would arise in the action. Defendants have alleged these same counterclaims against Plaintiffs. CRJ and Horwitz are properly joined **as opposing parties** to the Defendants. The Vanderbilt Defendants assert the Pullman claim against CRJ and Horwitz as a permissive counterclaim pursuant to Rule 13(b), which provides "A pleading may state as a counterclaim **against an opposing party** any claim that is not compulsory."

To support their arguments, the Jiminez Plaintiffs rely on AllTech Commc'ns, LLC v. Brothers, for the proposition that a defendant may only allege the same counterclaims against third party defendants that the defendant alleged against the original plaintiffs. 601 F.Supp.2d 1255 (N.D. Okla. 2008). In that case, the defendants did not assert **any** of the same claims against the third party defendants that the defendants had asserted against the original plaintiffs.

5

Id. at 1260-61. Consequently, the AllTech defendants were not "adding a party to a counterclaim" pursuant to Rule 13(h) so that the third party defendants could be joined pursuant to Federal Rule of Civil Procedure 20. As a result, there was no procedural mechanism for bringing the third party defendants into that case.

Here, the Vanderbilt Defendants add CRJ and Horwitz to four of the existing counterclaims. Thus, CRJ and Horwitz can be joined pursuant to Rule 13(h) and Rule 20. Then, Rule 13(b) permits the Vanderbilt Defendants to assert the Pullman claim against CRJ and Horwitz.

### D. Conclusion

The Jimenez Plaintiffs would not be prejudiced as there are no new claims against them. The Counter-Plaintiffs filed the motion to amend without unreasonable delay and before discovery has started in earnest. Counter-Plaintiffs have sufficiently pleaded the counterclaims against new Counter-Defendants so that the proposed amendment is not futile. Lastly, the most efficient approach is to permit Counter-Plaintiffs to amend the Answer because the counterclaims against the new Counter-Defendants arise out of the same facts and circumstances surrounding the counterclaims against the Jimenez Plaintiffs. For these reasons, the Court should grant leave to amend the counterclaims.

Respectfully submitted,

/s/ - William L. Campbell, Jr.
William L. Campbell, Jr. (BPR No. 22712)
Mekesha H. Montgomery (BPR No. 25831)
FROST BROWN TODD LLC
424 Church Street; Suite 1600
Nashville, Tennessee 37219-2308
Telephone:(615) 251-5550 Fax: (615) 251-5551
ccampbell@fbtlaw.com
mmontgomery@fbtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

    /s/ William L. Campbell, Jr.
*Counsel for Defendants Vanderbilt Landscaping, LLC, Larry Vanderbilt Sr. and Joffery Vanderbilt Jr.*

NSHLibrary 0117418.0579668 105057v1