| | | |
|---|---|---|
| HILARIO RAZURA JIMENEZ, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:11-0276 |
| v. | ) ) ) | |
| VANDERBILT LANDSCAPING LLC, et al. | ) ) ) | Judge Campbell Magistrate Judge Knowles |
| Defendants. | ) ) ) | |

## ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiffs Hilario Jimenez, Jose Manuel Guerrero Gomez, and J. Refugio Castellon Luna file this answer to Defendants Vanderbilt Landscaping LLC, Larry Vanderbilt, and Joffrey Vanderbilt's Counterclaims as follows:

1. Plaintiffs admit in part and are in part without knowledge or information sufficient to form a belief as to Paragraph 1 of Defendants' Counterclaim. Plaintiffs admit that Vanderbilt Landscaping is a limited liability company. Plaintiffs are without knowledge or information sufficient to form a belief as to the other allegations and therefore deny same.

2. Plaintiffs admit in part and are in part without knowledge or information sufficient to form a belief as to Paragraph 2 of Defendants' Counterclaim. Plaintiffs admit that Larry Vanderbilt is the Chief Executive Officer of Vanderbilt Landscaping. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 2 of Defendants' counterclaim and therefore deny same.

1

3. Plaintiffs admit in part and are in part without knowledge or information sufficient to form a belief as to Paragraph 2 of Defendants' Counterclaim. Plaintiffs admit that Joffrey Vanderbilt is an officer of Vanderbilt Landscaping. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 2 of Defendants' counterclaim and therefore deny same.

4. Plaintiffs admit to the allegations in Paragraph 4 of Defendants' Counterclaim.

5. Plaintiffs deny the allegations in Paragraph 5 of Defendants' Counterclaim on the grounds that it calls for a legal conclusion to which no response is required.

6. Plaintiffs admit that Vanderbilt Landscaping performs landscaping, mowing, debris and trash removal services for entities including the government as set out in Paragraph 6 of Defendants' Counterclaim. Plaintiffs are without knowledge or information sufficient to form a belief as to the rest of Defendants' allegations in Paragraph 6 and therefore deny same.

7. Plaintiffs deny the allegations in Paragraph 7 of Defendant's Counterclaim, except that Plaintiffs admit that Defendants recruited and used foreign laborers.

8. Plaintiffs deny the allegations in Paragraph 8 of Defendants' Counterclaim.

9. Plaintiffs admit to the allegations in Paragraph 9 of Defendants' Counterclaim.

10. Plaintiffs admit that Jimenez did not start work for Defendants in April of 2010 as set out in Paragraph 10 of Defendant's counter-claim. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegation that this was unlike all other guestworkers that decided to work with Defendants in the Spring of 2010 and therefore deny same.

11. Plaintiffs deny the allegations in Paragraph 11 of Defendants' Counterclaim.

12. Plaintiffs admit that Vanderbilt agreed to hire Jimenez and that it loaned him $500 for travel to Tennessee but deny all other allegations contained in Paragraph 12 of Defendants' Counterclaim.

13. Plaintiffs admit to Paragraph 13 of Defendants' counterclaim.

14. Plaintiffs admit to Paragraph 14 of Defendants' counterclaim

15. Plaintiffs admit to Paragraph 15 of Defendants' counterclaim.

16. Plaintiffs admit to Paragraph 16 of Defendants' counterclaim.

17. Plaintiffs deny the allegations in paragraph 17 of Defendants' counterclaim.

18. Plaintiffs deny the allegations in paragraph 18 of Defendants' counterclaim.

19. Plaintiffs deny the allegations contained in Paragraph 19, except that they admit that there were trailers and a house for the housing of H2B workers located on the Mason, Tennessee property of Defendants.

20. Plaintiffs deny the allegations contained in Paragraph 20 of Defendants' counterclaim, except that they admit that Defendants took their passports and the passports of other H2B workers.

21. Plaintiffs deny the allegations contained in Paragraph 21 of Defendants' counterclaim.

22. Plaintiffs deny the allegations contained in Paragraph 22 of Defendant's counterclaim.

23. Plaintiffs deny the allegations contained in Paragraph 23 of Defendant's counterclaim.

24. Plaintiffs deny the allegations contained in Paragraph 24 of Defendant's counterclaim.

25. Plaintiffs deny the allegations contained in Paragraph 25 of Defendants' counterclaim.

26. Plaintiffs deny the allegations contained in Paragraph 26 of Defendants' counterclaim.

27. Plaintiffs deny the allegations set forth in Paragraph 27 because it calls for a legal conclusion to which no response is required.

28. Plaintiffs deny the allegations contained in Paragraph 28 of Defendant's counterclaim, except that they admit that Jimenez escaped from Defendants' labor camp without their knowledge for fear of being targeted for threats, intimidation, retaliation and/or private deportation.

29. laintiffs deny the allegation contained in Paragraph 29 of Defendant's counterclaim, except that Plaintiffs admit that Jimenez did not request that Defendants return his passport prior to escaping from Defendants' labor camp.

30. Plaintiffs deny the allegations contained in Paragraph 30 of Defendants' counterclaim.

31. Plaintiffs deny the allegations contained in Paragraph 31 of Defendants' counterclaim.

32. Plaintiffs deny the allegations contained in Paragraph 32 of Defendants' counterclaim.

33. Plaintiffs admit to the allegations in Paragraph 33 of Defendants' counterclaim.

34. Plaintiffs deny the allegations contained in Paragraph 34 of Defendants' counterclaim.

35. Plaintiffs deny the allegations contained in Paragraph 35 of Defendants' counterclaim.

36. Plaintiffs deny the allegations contained in Paragraph 36 of Defendant's counterclaim, except that they admit that in August, 2010, Defendant drove Gomez to a bank and then to a bus station in order to return him to Mexico in a private deportation.

37. Plaintiffs deny the allegation contained in Paragraph 37 of Defendants' counterclaim.

38. Plaintiffs admit to the allegations in Paragraph 38 of Defendants' counterclaim.

39. Plaintiffs deny the allegations contained in Paragraph 39 of Defendants' counterclaim as Defendants created reasonably and objectively intolerable working conditions for Plaintiff Luna with the intention of silencing and/or forcing him to resign as stated in Paragraph 73 of Plaintiffs' First Amended Complaint.

40. Plaintiffs deny the allegations contained in paragraph 40 of Defendants' counterclaim, except that Plaintiffs admit that Luna was able to leave the Defendants' labor camp by asking for permission to travel to Eastern Tennessee to visit a relative.

41. Plaintiffs deny the allegations contained in Paragraph 41 of Defendants' counterclaim, except that Plaintiffs admit that Defendants permitted Luna to leave the labor camp temporarily to visit his relative.

42. Plaintiffs deny the allegations contained in Paragraph 42 of Defendants' counterclaim, except that Plaintiffs admit that Luna never returned to work for Vanderbilt Landscaping.

43. Plaintiffs deny the allegations contained in Paragraph 43 of Defendants' counterclaim, except that Plaintiffs admit that around mid-August, Plaintiff Jimenez returned to the Defendants' labor camp and offices to reclaim his passport with the support of community members, civil rights observers, and the general public, and to blow the whistle on Defendants' unlawful employment practices.

44. Plaintiffs deny the allegations contained in Paragraph 44 of Defendants' counterclaim because they are vague, ambiguous and not susceptible to answer, except that Plaintiffs admit that they spoke out publicly against the unlawful employment practices, including but not limited to the use of sub-standard and inhumane loving quarters for guestworkers.

45. Plaintiffs deny the allegations in paragraph 45 of Defendants' Counterclaim.

46. Plaintiffs deny the allegations in paragraph 46 of Defendants' Counterclaim.

47. Plaintiffs deny the allegations contained in Paragraph 47 of Defendants' counterclaim.

48. Plaintiffs deny the allegations contained in Paragraph 48 of Defendants' counterclaim because they call for a legal conclusion to which no response is required.

49. Plaintiffs deny the allegations contained in Paragraph 49 of Defendants' counterclaim, except that Plaintiffs are without sufficient knowledge or information to know whether the articles listed by Defendants are an exhaustive list of articles published on the subject matter and therefore deny same.

50. Plaintiffs deny the allegations contained in Paragraph 50 of Defendants' counterclaim, except that Plaintiffs admit that Jimenez admits to making statements to the media outlets that were generally along the following lines: that Defendants' confiscated his and others' passports, subjected him and other migrant workers to surveillance, forced him and other workers to work in the heat with little break, did not pay him and other migrant workers for all the time that they worked, forced him and others to live in sub-standard and/or inhuman conditions, and carried guns to intimidate him and other guestworkers.

51. Plaintiffs deny the allegations contained in Paragraph 51 of Defendants counterclaim.

52. Plaintiffs deny the allegations contained in Paragraph 52 of Defendants' counterclaim.

53. Plaintiffs deny the allegations contained in Paragraph 53 of Defendants' counterclaim, except that Plaintiffs admit that Jimenez made statements substantially similar to the language attributed to him in Paragraph 53.

54. Plaintiffs deny the allegations contained in Paragraph 54 of Defendants' counterclaim

55. Plaintiffs deny the allegations contained in Paragraph 55 of Defendants' counterclaim, except that Plaintiffs admit that to the best of their knowledge and belief at this time,

that Tennessee OSHA, Tennessee Department of Transportation, Federal Department of Labor, and the FBI conducted investigations into Defendants.

56. Plaintiffs deny the allegations contained in Paragraph 56 of Defendants' counterclaim.

57. Plaintiffs deny the allegations contained in Paragraph 57 of Defendants' counterclaim.

58. Plaintiffs deny the allegations contained in Paragraph 58 of Defendants' counterclaim.

59. Plaintiffs deny the allegations contained in Paragraph 59 of Defendants' counterclaim.

60. Plaintiffs deny the allegations contained in Paragraph 60 of Defendants' counterclaim.

61. Paragraphs 1through 59 of Plaintiffs' Answer to Defendants' Counterclaim are incorporated herein.

62. Plaintiffs deny the allegations contained in Paragraph 62 of Defendants' counterclaim.

63. Plaintiffs deny the allegations contained in Paragraph 63 of Defendants' counterclaim.

64. Plaintiffs deny the allegations contained in Paragraph 64 of Defendants' counterclaim.

65. Plaintiffs deny the allegations contained in Paragraph 65 of Defendants' counterclaim.

66. Plaintiffs deny the allegations contained in Paragraph 66 of Defendants' counterclaim.

67. Plaintiffs deny the allegations contained in Paragraph 67 of Defendants' counterclaim.

68. Plaintiffs deny the allegations contained in Paragraph 68 of Defendants' counterclaim.

69. Plaintiffs' answers to Paragraphs 1 through 69 are incorporated herein.

70. Plaintiffs deny the allegations contained in Paragraph 70 of Defendants' counterclaim.

71. Plaintiffs deny the allegations contained in Paragraph 71 of Defendants' counterclaim.

72. Plaintiffs deny the allegations contained in Paragraph 72 of Defendants' counterclaim.

73. Plaintiffs deny the allegations contained in Paragraph 73 of Defendants' counterclaim.

74. Plaintiffs deny the allegations contained in Paragraph 74 of Defendants' counterclaim.

75. Paragraphs 1 through 73 of Plaintiffs' Answer to Defendants' Counterclaims are incorporated herein by reference.

76. Plaintiffs deny the allegations contained in Paragraph 76 of Defendants' counterclaim, except that Plaintiffs admit that Defendants performed some work for the State of Tennessee and that other than work previously performed for the State of Tennessee that Plaintiffs are without sufficient knowledge or information to form a belief as to existing or prospective business relations with any government entities, including the Metropolitan Government of Nashville and therefore deny these allegations.

77. Plaintiffs deny the allegations contained in Paragraph 77 of Defendants' counterclaim.

78. Plaintiffs deny the allegations contained in Paragraph 78 of Defendants' counterclaim.

79. Plaintiffs deny the allegations contained in Paragraph 79 of Defendants' counterclaim.

80. Plaintiffs deny the allegations contained in Paragraph 80 of Defendants' counterclaim.

81. Plaintiffs deny the allegations contained in Paragraph 81 of Defendants' counterclaim.

82. Plaintiffs deny the allegations contained in Paragraph 82 of Defendants' counterclaim.

83. Plaintiffs deny the allegations contained in Paragraph 83 of Defendants' counterclaim.

84. Plaintiffs deny the allegations contained in Paragraph 84 of Defendants' counterclaim.

85. Plaintiffs incorporate paragraph 1 through 84 of Plaintiffs' Answer to Defendants' Counterclaim.

86. Plaintiffs deny the allegations contained in Paragraph 86 of Defendants' counterclaim, except that they admit that they were aware that Defendants performed work on public roadways.

87. Plaintiffs deny the allegations contained in Paragraph 87 of Defendants' counterclaim.

88. Plaintiffs deny the allegations contained in Paragraph 88 of Defendants' counterclaim.

89. Plaintiffs are without knowledge or sufficient information to form a belief as to the allegations in paragraph 89 of Defendants' counterclaim and therefore deny same.

90. Plaintiffs deny the allegations contained in Paragraph 90 of Defendants' counterclaim.

91. Plaintiffs deny the allegations contained in Paragraph 91 of Defendants' counterclaim.

92. Plaintiffs deny the allegations contained in Paragraph 92 of Defendants' counterclaim.

93. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

94. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

95. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

96. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

97. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

98. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

99. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

100. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

101. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

102. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

103. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

104. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

105. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

106. Plaintiffs incorporate paragraphs 1 through 105 of Plaintiffs' Answer to Defendants' Counterclaim.

10

Case 3:11-cv-00276   Document 61   Filed 01/06/12   Page 10 of 15 PageID #: 777

107. Plaintiffs deny the allegations contained in Paragraph 107 of Defendants' counterclaim.

108. Plaintiffs deny the allegations contained in Paragraph 108 of Defendants' counterclaim.

109. Plaintiffs deny the allegations contained in Paragraph 109 of Defendants' counterclaim.

110. Plaintiffs deny the allegations contained in Paragraph 110 of Defendants' counterclaim.

111. Plaintiffs incorporate paragraphs 1 through 110 of Plaintiffs' Answer to Defendants' Counterclaim.

112. Plaintiffs deny the allegations contained in Paragraph 112 of Defendants' counterclaim.

113. Plaintiffs deny the allegations contained in Paragraph 113 of Defendants' counterclaim.

114. Plaintiffs deny the allegations contained in Paragraph 114 of Defendants' counterclaim.

115. Plaintiffs deny the allegations contained in Paragraph 115 of Defendants' counterclaim.

116. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 116 through 119 were dismissed by this Court in its order of July 25, 2011.

117. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

118. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

119. Plaintiffs need not and do not respond to these allegations because Defendants' claims set forth in Paragraphs 93 through 105 were dismissed by this Court in its order of July 25, 2011.

## AFFIRMATIVE DEFENSES

120. Plaintiffs were engaged in protected activity under Section 7 of the National Labor Relations Act.

121. Plaintiffs' speech is protected by the First Amendment to the Federal Constitution and Plaintiffs have a constitutional right to speak to the public and petition the government.

122. Plaintiffs' speech directed at the government is protected under the Tennessee Anti-SLAPP Act and damages cannot be assessed against Plaintiffs for engaging in protected speech with the government.

123. All or some of Defendants' claims must be denied based upon the applicable statute of limitations.

124. All or some of Defendants' claims should be denied based on the doctrine of latches.

125. All or some of Defendants' claims should be denied based on the doctrine of unclean hands.

126. All or some of Defendants' claims should be denied based upon the doctrines of waiver and/or estoppel.

127. All or some of Defendants' claims must be denied because Defendants committed fraud in the procurement of contracts which form the basis of their claims.

128. All or some of Defendants' claims must be denied because Defendants did not have contracts which are necessary to form the basis of some or all of their claims.

129. All or some of Defendants' claims must be denied because they were in violation of the terms of contracts which form the basis of their claims.

130. To the extent that Defendants suffered a legally cognizable damage, Defendants cannot recover damages as alleged, or any such damages recovered must be reduced, because Defendants caused or contributed to the cause of such damages.

131. Some or all of the claims of the individual defendants must be denied because they do not have standing to bring the claims or they do not meet the elements of those claims.

132. Some or all of the claims of the corporate defendant must be denied because it does not have standing to bring the claims or it cannot meet the required elements of those claims.

133. Defendants cannot state a claim for damage to their reputation because their own actions have damaged their reputation.

134. Some or all of the Defendants claims must be dismissed because any statements made by the Plaintiffs were the truth or were made without malice.

135. Plaintiffs reserve their right to amend their answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

## PRAYER FOR RELIEF

WHEREFORE, Hilario Razura Jimenez, Jose Manuel Guerrero Gomez, and J. Refugio Castellon Luna prays that the Court enter judgment:

A.  Dismissing the Defendants' Counterclaim on the merits and with prejudice;

B.  Granting to Plaintiffs their costs, including attorneys' fees, incurred in this action; and

C.  Granting to Plaintiffs further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ Charles P. Yezbak, III*
_____

Charles P. Yezbak, III
BPR # 018965
Yezbak Law Offices
2002 Richard Jones Road, Ste B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000
Facsimile: (615) 250-2020
Yezback@yezbaklaw.com

Jennifer J. Rosenbaum
LSBA No. 31946
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112
Telephone: (504) 309-5165
Facsimile: (504) 309-5205
jjrosenbaum@nowcrj.org

Edward Tuddenham
Texas Bar
*Pro Hac Vice*
1339 Kalmia Rd. NW
Washington DC 20012
(202) 249-9499
etudden@io.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2011, the foregoing document has been served via electronic following upon the following parties:

George H. Rieger, II
Leitner, Williams, Dooley, and Napolitan
414 Union Street
Suite 1900
Nashville, TN 37219
(615) 255-7722
Email: chip.rieger@leitnerfirm.com

Mathew A Boyd
Ronald J. Polly, Jr.
Hawkins Parnell Thackston &Young, LLP
303 Peachtree Street, NW
4000 SunTrust Plaza
Atlanta, GA 30308-3243
(404) 614-7400
Fax: (404) 614-7500
Email: mboyd@hptylaw.com
Email: rpolly@hptylaw.com

Attorney of record for Defendants Onesource Landscape and Golf Services, Inc, ABM Services Inc., ABM Industries, Incorporated.

Mekesha H. Montgomery
William L. Campbell, Jr.
424 Church Street, Suite 1600
Nashville, Tennessee 37219
(615) 251-5582
Fax: (615) 251-5551
mmontogomery@fbtlaw.com
ccampbell@fbtlaw.com

Attorney of Record for Defendants Vanderbilt Landscaping LLC, Larry Vanderbilt Sr., Joffrey Vanderbilt

                                        *s/ Charles P. Yezbak, III*
                                        _____

                                        Charles P. Yezbak, III

15

Case 3:11-cv-00276   Document 61   Filed 01/06/12   Page 15 of 15 PageID #: 782