IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HILARIO RAZURA JIMENEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| vs. | ) CASE NO. 3:11-0276 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| VANDERBILT LANDSCAPING, LLC, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion filed by three Defendants, Vanderbilt Landscaping, LLC, Larry Vanderbilt, Sr., and Joffrey Vanderbilt, seeking leave to amend their previously-filed counterclaims. Docket No. 53. Defendants have filed a supporting Memorandum of Law (Docket No. 54), Plaintiffs have filed a Response in Opposition to the Motion (Docket No. 57), and Defendants have filed a Reply (Docket No. 60).

In a prior Memorandum, Judge Campbell described the nature of the action as follows:

> This action was brought by "temporary guestworkers" who were recruited and brought from Mexico by Defendants to work on contracts with the Tennessee Department of Transportation for highway mowing and litter removal on Tennessee's highways and interstates. Docket No. 1. Plaintiffs allege that Defendants subjected Plaintiffs to extreme exploitation and labor trafficking in violation of federal and state law.
>
> Plaintiffs assert, among other things, that Defendants confiscated Plaintiffs' passports and visas, forced Plaintiffs to live on property owned and controlled by Defendants, threatened Plaintiffs by brandishing firearms and subjecting them to constant surveillance, required Plaintiffs to live in substandard, inhuman living

> conditions, prohibited Plaintiffs from leaving the "labor camp" without a supervisor, failed to pay Plaintiffs for all the hours worked, retaliated against any Plaintiffs who raised concerns, and specifically forced Plaintiff Gomez to pack his things to leave and unlawfully restrained him until he was forced to board a bus to Mexico. Docket No. 1. Plaintiffs allege causes of action for violation of certain federal statutes, the U.S. Constitution and certain state statutes. Plaintiffs also assert state law claims for fraud, breach of contract, retaliatory discharge, false imprisonment, and outrageous conduct. Docket No. 1.
>
> In response to Plaintiffs' Complaint herein, Defendants filed an Answer and Counterclaims. Docket No. 15. Defendants' Counterclaims arise from alleged "baseless" statements which Defendants claim Plaintiffs Jimenez, Gomez, and Luna made to the media from August 2010 to April 2011. *Id*. Specifically, Defendants aver that these Plaintiffs falsely informed media organizations that (1) Defendants confiscated their passports, (2) Defendants subjected Plaintiffs to surveillance, (3) Defendants kidnapped some of the Plaintiffs, (4) Defendants forced the Plaintiffs to work in the heat without breaks, (5) Defendants did not pay Plaintiffs for the time they worked, (6) Defendants forced Plaintiffs to live in sub-standard and/or inhuman conditions, and (7) Defendants brandished guns and pistols to intimidate Plaintiffs. Docket No. 15, ¶ 50. Thus, the alleged false statements in Defendants' Counterclaims track the allegations of Plaintiffs' Complaint.
>
> Defendants allege the following counterclaims against [three of] the Plaintiffs: (1) defamation, (2) false light and invasion of privacy, (3) tortious interference with business relations, (4) procurement of breach of contract, (5) intentional infliction of emotional distress, (6) abuse of process, (7) civil conspiracy, (8) concert of action, and (9) punitive damages.

Docket No. 50, p. 1-2 (footnotes omitted).

Plaintiffs previously filed a Motion to Dismiss the original counterclaims that had been filed by Defendants. Docket No. 36. Judge Campbell granted that Motion in part and denied it in part. Docket Nos. 50, 51. Specifically, Judge Campbell dismissed Defendants' counterclaims for intentional infliction of emotional distress and abuse of process, but he denied Plaintiffs'

2

Motion to Dismiss the remaining counterclaims.

Approximately four months after Defendants filed their counterclaims, and approximately one month after Judge Campbell ruled on Plaintiffs' Motion to Dismiss the Counterclaims, Defendants filed the instant Motion for Leave to Amend. In their supporting Memorandum, Defendants state:

> The requested first amendment to the Counterclaim simply adds two additional defendants and one additional claim against those new defendants. The amendment does not alter the remaining claims against counter-defendants, nor will it require alteration of the trial date.
> . . .
> The amendments simply seek to add additional counter-defendants: [New Orleans Workers' Center for Racial Justice ("CRJ")] and Mr. [Jacob] Horwitz. . . . The amendments allege that CRJ and Mr. Horwitz engaged in the same conduct that serves as the basis for the current Counterclaim. The amendments also seek to recover from CRJ and Horwitz the fees and costs incurred by Counter-plaintiffs in defending Plaintiffs' claims and related governmental inquiries . . . .

Docket No. 54, p. 2-3.

Defendants argue that Fed. R. Civ. P. 20(a) permits the amendment in this situation.[1] That Rule states:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions, or occurrences; and

---

[1] While Defendants do not mention it in their supporting Memorandum, Fed. R. Civ. P. 13(h) states, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or cross claim."

3

(B) any question of law or fact, to all defendants will arise in the
action.

Defendants further argue that Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given when justice so requires. Defendants concede that there are some factors that counsel against allowing an amendment to a party's pleading: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." Docket No. 54, p. 3, *citing Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 458 (6th Cir. 2001) (citation omitted). Defendants argue that they have not unduly delayed, that Plaintiffs will not be unduly prejudiced by the amendment, that the proposed new Defendants cannot claim lack or notice of bad faith, and that the amendment is not futile. Defendants argue:

> In sum, [Defendants] have not unduly delayed in adding CRJ and Horwitz as counter-defendants. Moreover, the current counter-defendants will not be unduly prejudiced by having additional counter-defendants in the case.
>
> Neither CRJ nor Horwitz can claim lack of notice or bad faith by [Defendants]. CRJ and Horwitz have been involved in a crusade against [defendants] for approximately one year and have continued that crusade even after Plaintiffs filed this action. . . . Indeed, an attorney associated with CRJ, Jennifer Rosenbaum, has been admitted *pro hac vice* in this case, and Mr. Horwitz has been identified as a "lead organizer" of one of CRJ's initiatives.

Docket No. 54, p. 4.

Plaintiffs respond that the proposed amendment is "gamesmanship" and "a campaign of aggressive litigation calculated to delay adjudication of this matter and strain the very limited resources of Plaintiffs and [CRJ]." Docket No. 57, p. 1, 2. Plaintiffs argue that their primary counsel in this action, Ms. Rosenbaum, is the Legal Director of CRJ. Additionally, Mr. Horwitz

4

is a staff member of CRJ who has been assisting Plaintiffs since they approached CRJ seeking relief from Defendants' wrongful conduct alleged in the First Amended Complaint. Plaintiffs further state that CRJ and Mr. Horwitz have arranged for Plaintiffs to receive free legal services from CRJ in pursuing (and now defending) this action.

Plaintiffs argue that the proposed amendment would unfairly prejudice them, as it would join as parties Plaintiffs' main source of legal and logistical support. Plaintiffs argue that the proposed amended counterclaims would serve only to delay and confuse this case further. Plaintiffs argue that Defendants' proposed counterclaims are permissive, not compulsory, and that Defendants are free to bring claims against CRJ and Mr. Horwitz after the instant case is resolved. Plaintiffs finally argue that justice does require the proposed amendment.

With regard to undue delay, Plaintiffs point out that they previously filed a Motion to Dismiss the original counterclaims and that amending the counterclaims could result in essentially a repeat of the Motion to Dismiss process. Plaintiffs also argue that Defendants have offered no explanation for not attempting to include their proposed counterclaims in their initial pleading.

The Court agrees with Plaintiffs that the proposed amendment would be unduly prejudicial to Plaintiffs and that Defendants have unduly delayed in attempting to amend the counterclaims.

First, Defendants seek to add as a counter-defendant the employer of Plaintiffs' counsel. In *Food Serv., Inc. v. Trade St. Research, Inc.,* 129 FRD 126 (W.D.N.C. 1990), Defendants sought to assert counterclaims against Plaintiff's attorneys. The Court denied the motion to add the additional parties, holding that such joinder would prejudice plaintiffs, in part because there

5

was "a substantial possibility that the attorneys would have to withdraw from the case because of a conflict of interest." 129 FRD at 129. In *Goldberg v. Meridor,* 81 FRD 105 (S.D. 1979), plaintiff attempted to join two law firms that were representing two defendants. The Court found that adding the law firms as parties would potentially subject the defendants "to the substantial prejudice of losing their counsel," and, as such, required that plaintiffs' justification for seeking such relief be "particularly strong." *Id.* at 113.

Second, Defendants offer no explanation for why they failed to include the proposed claims in their original counterclaim filed months ago. This is particularly puzzling, because Defendants have stated in their supporting Memorandum, "CRJ and Horwitz have been involved in a crusade against [Defendants] for approximately one year and have continued that crusade even after Plaintiffs filed this action." Docket No. 54, p. 4. This being the case, Defendants should have known as early as August 22, 2010 (approximately 7 months before Plaintiffs' Complaint was even filed), that CRJ and Mr. Horwitz were potential counter-defendants.

Moreover, the proposed amendment may well give rise to a new Motion to Dismiss the counterclaims against CRJ and Mr. Horwitz. This situation could easily have been avoided had Defendants attempted to sue them in the original counterclaims.

The above factors, coupled with the recognition that Defendants can bring these claims in a separate action, counsel against allowing the amendment.

For the foregoing reasons, Defendants' "Motion for Leave to Amend Counterclaim" (Docket No. 53) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge