# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **HILARIO RAZURA JIMENEZ, et al.** ) | |
| ) | Civil Action No. 3:11-0276 |
| ) | |
| **Plaintiffs,** ) | |
| ) | Judge Campbell |
| v. ) | Magistrate Judge Knowles |
| ) | |
| **VANDERBILT LANDSCAPING LLC,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs Hilario Razura Jimenez, Jose Manuel Guerrero Gomez, Guillermo Bernal Ortega, Rigoberto Torres Guerrero, Diego Flores Cisneros, Ruben Madera Canales, Luis Alberto Medina Ayon, Alvaro Morales Villegas, Melchor Javier Castaneda Gallardo, Jose Casimiro Benavides Frias, Edgardo Ibarra Ruiz, Hugo Ignacio Ibarra Ruiz, Miguel Angel Gomez Nuno, Oscar Rodriguez Gomez and Teodulo Huizar Madera (collectively "Plaintiffs") and Defendants, ABM Services, Inc. d/b/a OneSource Landscape & Golf Services) and ABM Industries Incorporated (collectively "Defendants," unless referred to individually) (Plaintiffs and Defendants collectively, the "Parties"), hereby move the Court for approval of

1

the Settlement Agreement and General Release (e-mailed to the Court contemporaneously with this Motion) (the "Settlement Agreement") entered into between the Parties and for dismissal of this action with prejudice (the "Joint Motion").

1. This civil action involves a number of claims brought by Plaintiffs including claims under the Fair Labor Standards Act ("FLSA").

2. With respect to their FLSA claims, Plaintiffs allege that Defendants have violated the minimum wage and overtime provisions of the FLSA. Defendants dispute Plaintiffs' claims.

3, The Settlement Agreement does not constitute an admission of liability by either party, but the consideration paid pursuant to this Agreement is a mutually agreeable resolution of all of the Plaintiffs' claims. The settlement is fair, reasonable and equitable to all Parties involved in this litigation.

4. Both Parties have consented to the submission of this Joint Motion to the Court and respectfully seek Court approval of the Settlement Agreement and dismissal of this action with prejudice.

5. The settlement reached is confidential, and the resolution of this matter involves more than just the resolution of Plaintiffs' FLSA claims. For this reason, the parties jointly request that the Settlement Agreement be treated as a

confidential document by the Court. The Court has previously advised the parties to file the Settlement Agreement under seal, and the parties have done so contemporaneously with filing this Motion.

6. In support therefore, the Parties submit the following incorporated Memorandum of Law.

## **MEMORANDUM OF LAW**

As described above, this case involves the settlement of claims brought by Plaintiffs under 42 U.S.C. § 1981, state law tort and breach of contract theories, and under the FLSA. Because the resolution of Plaintiffs' FLSA claims are included in this settlement, the parties seek approval of their Settlement Agreement by the Court.

Courts have held that Court approval is required to fully compromise some FLSA claims. See Lynn's Food Stores, Inc. v. United States, U.S. Dep't. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). If a settlement in a plaintiff's FLSA suit reflects a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354.

In approving FLSA settlements, Tennessee's federal district courts have considered factors generally used in approving the settlement of class actions, including the following: (i) the existence of fraud or collusion behind the

settlement; (ii) the complexity, expense and likely duration of the litigation; (iii) the amount of discovery engaged in by the parties; (iv) the probability of success on the merits; (v) the opinions of class counsel and class representatives; (vi) the reaction of absent class members; and (vii) the public interest. See Int'l Union of United Automobile, Aerospace & Agricultural Workers of America v. General Motors Corp., 487 F.3d 615, 631 (6th Cir. 2007) (citing Granada Invs., Inc. v. DWG Corp., 962 F.2d 1203, 1205 (6th Cir. 1992); Williams v. Vukovich, 720 F.2d 909, 922-23 (6th Cir. 1983)).

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because this settlement was negotiated at an arm's length between represented parties and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. The Parties have been able to assess each of their respective positions, as well as the position of the opposing party, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than through the filing of summary judgment motions or by trial.

There is no fraud or collusion between the parties; indeed, the settlement reached was the result of protracted negotiations over several weeks following a day-long mediation with Robert Boston of Waller, Lansden, Dortch and Davis, an experienced local mediator. This case involves multiple plaintiffs, hotly contested

factual and legal issues, and would likely be protracted and intensive.

The parties engaged in significant written discovery and investigation, including discovery provided by the ABM Defendants' co-defendants and former employees. Liability and damages are likewise hotly disputed – the parties have settled this matter based upon their independent assessment of the merits of their positions.

All potential plaintiffs are included in this settlement, which would further the public interest in the arm's-length resolution of disputed claims, and the conservation of the resources of the parties and the Court. In short, all of the factors favoring this settlement are met, and the settlement reached is fair and reasonable given the circumstances surrounding this case.

WHEREFORE, based upon the foregoing, the Parties respectfully request this Court grant their Joint Motion for Approval of Settlement Agreement, approve and affirm the Settlement Agreement, dismiss the above-referenced action with prejudice, and grant such other and further relief this Court deems just and proper.

Prepared and Submitted by:

**HAWKINS PARNELL THACKSTON & YOUNG, LLP**

*/s/ Matthew A. Boyd*
Matthew A. Boyd
Tennessee Bar No. 017898
Georgia Bar No. 027645
mboyd@hplegal.com
Ronald G. Polly, Jr.
Georgia Bar No. 538264
rpolly@hplegal.com
George H. Rieger, II
Tennessee Bar No. 016273
Chip.rieger@leitnerfirm.com

*Counsel for the ABM Defendants*


4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

Consented to by:

**YEZBAK LAW OFFICES**

*/s/ Charles P. Yezbak, III*
Charles P. Yezbak, III
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215

*/s/ Jennifer J. Rosenbaum*
Jennifer J. Rosenbaum
New Orleans Workers' Center
For Racial Justice
217 N. Prieur Street
New Orleans, LA 70112

*/s/ Edward Tuddenham*
Edward Tuddenham
1339 Kalmia Road NW
Washington DC 20012

*Counsel for Plaintiffs*

6

Case 3:11-cv-00276  Document 75  Filed 10/31/12  Page 6 of 8 PageID #: 882

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **HILARIO RAZURA JIMENEZ, et al.** ) | |
| ) | **Civil Action No. 3:11-0276** |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Judge Campbell** |
| v. ) | **Magistrate Judge Knowles** |
| ) | |
| **VANDERBILT LANDSCAPING LLC,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed with the Clerk of the Court using the CM/ECF system and provided via regular U.S. mail to:

Charles P. Yezbak, III
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
Yezbak@yezbaklaw.com


Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 North Prieur Street
New Orleans, LA 70112
jjrosenbaum@nowcrj.org

Edward Tuddenham
1339 Kalmia Rd. NW
Washington DC 20012
etudden@io.com

Mekesha H. Montgomery
Brian C. Neal
Frost Brown Todd
424 Church Street
Suite 1600
Nashville, TN 37219-2308
mmontgomery@fbtlaw.com
bneal@fbtlaw.com

This 31st day of October, 2012.

                                        */s/ Matthew A. Boyd*
                                        Matthew A. Boyd
                                        Tennessee Bar No. 017898
                                        Georgia Bar No. 027645
                                        mboyd@hptylaw.com